3321. BUSH *v.* HESSIG-ELLIS DRUG CO.

1. There was no error in striking the defendant's answer. In the absence of any effort to amend it, the averments of the answer were too vague and indefinite to present a defense, either as a plea of tender or as a plea of failure of consideration.

2. There was no error in refusing a nonsuit. The suit was upon an account

for the price of a certain beverage. The plaintiff introduced in evidence, without objection, a tripartite contract, signed by the defendant, as "dispenser," and by the plaintiff as "distributor," in which the defendant agreed to purchase and dispense a certain quantity of such beverage, manufactured by the third party to the contract. The fact that a third party was the manufacturer would not relieve the defendant from his obligation to the plaintiff under this contract.

3. The court erred in excluding testimony offered by the defendant to the effect that the beverage purchased by him was intoxicating. The contract between the plaintiff and the defendant required the plaintiff to sell and deliver to the defendant a non-intoxicating beverage. Ordinarily, where one purchases intoxicating liquor in a State in which the sale of such intoxicants is authorized by law, and the contract provides that it is to be performed in that State, he is liable for the purchase-price; and the fact that under the contract the liquor is delivered to the purchaser in a State in which the sale of intoxicating liquors is unlawful would present no defense to an action brought to recover the purchase-price. However, the ruling of the trial court, to the effect that, though the beverage sold might be intoxicating, that fact alone would not relieve the defendant from paying for it (though generally a correct statement of law in the abstract), was error, because the court overlooked the provisions of the contract involved, which required the delivery of a non-intoxicating beverage.

DECIDED FEBRUARY 29, 1912.

Complaint; from city court of Miller county—W. I. Geer, judge pro hac vice. January 27, 1911.

*P. D. Rich,* for plaintiff in error.

*Bush & Stapleton,* contra.

RUSSELL, J. The Hessig-Ellis Drug Company sued Bush upon an account stated. The defendant pleaded that the goods shipped to him were intoxicating liquors, and that the consideration was therefore illegal. He sought also to plead tender. By an amendment, which was stricken upon demurrer, he set out certain representations alleged to have been made to him by the agent of the plaintiff, in regard to the non-intoxicating quality of the beverage which was the subject-matter of the contract between the parties, and in reference to a certificate, which it was alleged was to be forwarded from some officer of the internal-revenue service. In the amendment he attempted also to plead a tender to return the goods, and failure of consideration. Upon the trial the court ruled out certain testimony upon the subject of tender, and also testimony of defendant to the effect that "Fan Taz," the beverage he had purchased, was intoxicating, that it was to be sold from the defendant's soda fount as a beverage, and that, as it was intoxicating, it

was valueless to the defendant. In regard to the latter testimony the court certifies that he did not allow the testimony, because, even though the article sold might be intoxicating, that fact in itself would not relieve the defendant from paying for it. The trial resulted in a verdict in favor of the plaintiff, for the amount sued for. The defendant excepts to the judgment overruling his motion for a new trial, and to the ruling striking the amendment to his answer.

1, 2. With the above statement of facts and the rulings contained in the headnotes, no further discussion of the first two points raised in the case would be profitable. Upon another trial it may be that the defendant can file a plea of tender conforming to the legal requirements; and he may also be in possession of facts which will enable him to file a good plea of failure of consideration; for if he purchased a non-intoxicating beverage and can establish that the liquid shipped to him was intoxicating, there would be a total failure of consideration, because the contract introduced by the plaintiff deals wholly with a non-intoxicating beverage. It is so described in the first statement of the contract.

3. According to the certificate of the trial judge, the testimony in regard to the intoxicating quality of the "Fan Taz" was excluded because the court was of the opinion that, "even though the stuff sold might be intoxicating, that within itself would not relieve defendant from paying for same." The court's ruling upon the subject of tender was correct (if for no other reason) because there was no plea of tender after the court had stricken the amendment. We think the court erred in excluding, upon the ground stated, the testimony to the effect that the "Fan Taz" purchased was an intoxicating liquor. The defendant had the right to show, if he could, that the liquid shipped to him was intoxicating; and this would have constituted a good defense. He could perhaps have established this fact even under the denials of indebtedness contained in his original answer. The first words in the contract introduced by the plaintiff, and the signing of which by the defendant gave the plaintiff a cause of action, are "Non-alcoholic beverages." In the absence of a plea setting out that this language was deceptive and used merely as a subterfuge to cover a sale of intoxicating liquors, forbidden by law, these words in the very forefront of the contract import a warranty that the "Fan Taz"

thereafter mentioned was non-alcoholic; certainly that it was not sufficiently alcoholic to be intoxicating. Under the ruling in the *Roberts* case, 4 *Ga. App.* 207 (60 S. E. 1082), it is possible that such a contract would not be violated if the beverage contained vegetable matter which required the presence of alcohol to preserve it, and if the percentage of alcohol used for that purpose was not sufficient to produce intoxication. But we doubt this, because the contract dealt with a beverage, and, under the provisions of the general prohibition law, no alcoholic intoxicating beverage can lawfully be sold. It is not to be presumed that the defendant, who was buying an article by wholesale, to sell it in turn at retail, wilfully intended to violate the law. Certainly if the amount of alcohol in the "Fan Taz" was sufficient to produce intoxication, so that "Fan Taz" could properly be said to be not only alcoholic but intoxicating as well, the sellers would have violated their obligation under the contract to furnish the purchaser what he contracted to buy, namely a non-alcoholic beverage.

It is, of course, settled, by numerous decisions (see especially *Rose* v. *State,* 133 *Ga.* 356-7-8-9, 65 S. E. 770, and citations), that one who is lawfully engaged in interstate commerce in intoxicating liquors in one State may sell and ship them to persons in another State, though such sales be prohibited by law within the limits of the latter State; and for this reason, among others, the plea which the defendant sought to interpose was properly stricken. The allegations of the plea (so far as it sought to set up that the contract was illegal and contrary to public policy) presented no issuable defense. If the defendant had ordered intoxicating liquors to be shipped by a dealer in Tennessee, engaged in interstate commerce in intoxicating liquors, and had received an intoxicant of the kind he ordered, and in accordance with the terms of his order, the debt would be enforceable against him, if no other reason appeared for its non-payment than that the contract was outlawed as contrary to good morals and the public policy of this State. The courts of this State may by comity enforce or refuse to enforce the laws of a sister State, dependent upon whether such laws, or contracts sought to be upheld under them, contravene the well-settled policy of Georgia; but the question with which we are now dealing is controlled by the constitutional right of Congress to regulate interstate commerce. Under our own

State constitution the Federal law takes precedence of ours. The trial judge correctly stated this general abstract principle in his ruling upon the testimony, but it was not applicable to the case. He erred in excluding testimony offered by the defendant, to the effect that the beverage purchased was intoxicating; because the contract between the plaintiff and the defendant required the plaintiff to sell and deliver to the defendant a non-intoxicating beverage. The question presented was not whether the sale was outlawed because the sale of intoxicants is prohibited in Georgia, but simply a question as to whether the purchaser had received what he ordered. Ordinarily, where one purchases intoxicating liquor in a State in which the sale of such intoxicants is authorized by law, and the contract provides that it is to be performed in that State, he is liable for the purchase-price; and the fact that under the contract the intoxicating liquor is delivered to the purchaser in a State in which the sale of intoxicating liquors is unlawful would present no defense to an action brought to recover the purchase-price. However, the ruling of the trial court to the effect that, though the beverage sold might be intoxicating, that fact alone would not relieve the defendant from paying for it (though generally a correct statement of law in the abstract), was error in the present case, because the court overlooked the provisions of the contract involved, which required the delivery of a non-intoxicating beverage.

The defendant would not be permitted, under the rulings cited in the *Rose* case, supra, to assert that the contract was void because the sale of intoxicating liquors in Georgia is prohibited, if he had purchased alcoholic and intoxicating liquors, but he should have been permitted to prove, under his answer and the amendment which was first filed, and which was not stricken, that alcoholic and intoxicating liquor was shipped him instead of the non-alcoholic beverage which was the subject-matter of his contract of purchase. Of course, if the judge had not placed his ruling upon the ground which he expressly certifies by note, the ruling excluding the testimony might be sustained; because the answer might have been a mere conclusion of the witness, without any facts upon which to base such conclusion. The defendant would have the right to show that the "Fan Taz" he received was intoxicating; but to do this there must be definite evidence of

substantive facts or experiments from which such a conclusion would reasonably arise, and not a mere statement of opinion or conjecture.        *Judgment reversed.    Pottle, J., not presiding.*