*Foster & Stockbridge,* contra.

---

### 8293. NEWTON *v.* COE-MORTIMER COMPANY.

JENKINS, J. 1. Where a farmer orders by letter, written in Georgia, commercial fertilizers for his own use, to be sent to him from South Carolina by a dealer in that State, and the goods are accordingly shipped by railroad from South Carolina to Georgia, and thereupon notes for the price are executed in Georgia and sent to South Carolina, the sale of the fertilizers is completed in South Carolina, and the law of Georgia relative to the tagging and branding of such commodities (act of August 22, 1911, 1 Park's Ann. Code, § 1778 (a) et seq.) has no application to the transaction. By the terms of that act its provisions apply only to sales made in this State. See *Atlantic Phosphate Co.* v. *Ely*, 82 *Ga.* 438 (9 S. E. 170). The rule stated above, as to the place of the contract, is not altered by the fact that prior to the sending of the letter by the purchaser he had written for and received from the seller a description of the fertilizers, with the prices. While it is possible that an actual offer might be so made as to allow the offeree to determine the quantity and particular commodity which by the acceptance would constitute a valid contract, still an invitation to enter into negotiation is not an offer which can be converted into a contract by acceptance; and whether certain acts or conduct constitute a definite proposal upon which a binding contract may be predicated, or is merely a preliminary step, depends upon the nature of the particular acts or conduct and the circumstances surrounding the transaction. 6 R. C. L. 600, § 23.

2. For the reason stated above, there could have been no error in directing a verdict for the plaintiff and against the plea of the defendant.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

- DECIDED AUGUST 3, 1917.

Complaint; from Toombs superior court—Judge Hardeman. March 1, 1916.

*Hines & Jordan,* for plaintiff in error.

*G. W. Lankford,* contra.