### 11617. SHERMAN & SONS COMPANY v. BITTING.

1. "The courts of this State will not enforce a foreign law which is solely penal." *Southern Ry. Co.* v. *Decker*, 5 *Ga. App.* 21 (1 a) (62 S. E. 678). A suit for the purpose of imposing a penalty is in the nature of a quasi-criminal proceeding.

2. The underlying test to be applied in determining whether a statute is penal or remedial is whether it primarily seeks to impose an arbitrary deterring punishment upon any who might commit a wrong against the public by a violation of the requirements of the statute, or whether the purpose is to measure and define the damages which may accrue to an individual or class of individuals, as just and reasonable compensation for a possible loss having causal connection' with the breach of the legal obligation owing under the statute to such individual or class. See *Southern Ry. Co.* v. *Melton*, 133 *Ga.* 277, 291, 307 (65 S. E. 665), and cases cited in the main and dissenting opinions; *Neal* v. *Moultrie*, 12 *Ga.* 104; *Ham* v. *Robinson Co.*, 146 *Ga.* 442 (2) (91 S. E. 483); 21 Ruling Case Law, 225.

3. The same statute may partake of each of these separate elements to such an extent as will render it penal in one part and remedial in another. If the remedial provisions of such a foreign statute be comprehensive within themselves, they will be enforced by the courts of this State, independently of any penal provisions which may be therein contained. U. S. v. Regan, 232 U. S. 37, 47 (58 L. ed. 494, 498, 34 Sup. Ct. 213); 21 Ruling Case Law, 220, 221.

4. Applying the above rules to the facts of the instant case, since the purpose of the action was to enforce the provisions of a foreign statute remedial in its nature, the petition could not be dismissed on oral motion or general demurrer, on the ground that it was an attempt to enforce penal provisions, or that it was barred l y the statute of limitations governing the enforcement of penalties. Civil Code (1910), § 4370; *Davis* v. *Boyett*, 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386); *Great Western Machinery Co.* v. *Smith*, 87 Kan. 331 (124 Pac. 414, 41 L. R. A. (N. S.), 379, and notes; Ann. Cas. 1913 E, 243)..

DECIDED FEBRUARY 15, 1921.

Complaint; from Chattooga superior court — Judge Wright. May 4, 1920.

Application for certiorari was denied by the Supreme Court.

The plaintiff sought to recover for merchandise sold to S. M. Duffie & Company, a corporation of the State of Arkansas, of which the defendant was alleged to be president, basing the action on the following statute of that State: "The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such. corporation, as nearly as the same can be as-

certained, on the first day of January or July next preceding the time of making such certificate, in the following particulars: the amount of capital stock actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of shares of each stockholder; which certificate shall be deposited in the office of the county clerk." Kirby's Digest, § 848. "If the president or secretary of any such corporation shall neglect, fail, or refuse to comply with the provisions of section 848, and to perform the duties required of them, respectively, the person or persons so neglecting, failing, or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of such neglect or refusal, and shall be deemed guilty of a misdemeanor." Acts, General Assembly of Arkansas, 1909, p. 643. The petition alleged that the defendant was president of S. M. Duffie & Company during the years 1915 and 1916 and at the time the indebtedness of S. M. Duffie & Company to plaintiff was contracted; that he failed to file the statements required by the statute above quoted, and that he thereby became individually liable to the plaintiff for the indebtedness of S. M. Duffie & Company, contracted during the period of such neglect, from January, 1916, to June, 1916, as shown by the statement of account attached to the petition. The petition was filed on January 17, 1919. When the case was called for trial, counsel for the defendant made an oral motion to dismiss the petition, on the grounds, that the Arkansas statute sued on was penal, and courts of this State therefore would not enforce it; and that as the statute was penal, the cause of action was barred by the statute of limitations. The court sustained the motion and dismissed the petition, and the plaintiff excepted.

*Rosser & Shaw,* for plaintiff.

*J. M. Bellah, Maddox & Doyal,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) While the precise question here involved has never come before either of the appellate courts of this State, and there is great variance in the authorities from other jurisdictions, the unmistakable trend of our decisions, especially in the leading cases cited in the 2d division of the syllabus, is to hold remedial a statute such as is

now before us. Applying the test gathered from the authorities cited in these cases, as to whether the intent of the legislature of Arkansas was to afford reasonable compensation to an individual or class of individuals for a possible loss having a causal connection with the failure of the president of the corporation to file in the office of the county clerk a statement of its financial condition, we think that the provisions of the statute here sought to be enforced are primarily remedial rather than penal. The compensation is afforded not to the State, or to informers, or to the public. It is narrowed not only to the creditors of the corporation in general, but to its creditors whose debts were contracted during the period covered by the infraction. Not only this, but the compensation sued for is not *arbitrary,* but represents the exact loss of the creditor suing, to wit, his debt.

Nor, as we see it, can it be said that the dereliction of the corporate officer has no causal relation to the loss by the creditor. The financial statement required to be filed with the county clerk was in effect a public Bradstreet or Dun report gratuitously provided by law for the protection of creditors in their dealings with the corporation. And while it might be urged that the failure to file the statement could not have misled creditors, yet credit may have been actually extended on the faith of the individual liability of the delinquent officials, in the absence of its filing; and under this view, the civil provisions of the statute may be regarded as quasi ex contractu, since the provisions imposing individual liability are to be read into all contracts extending credit and making sales between the corporation and its creditors.

*Judgment reversed. Stephens and Hill, JJ., concur.*