19239.   LEE *v.* MOSELEY *et al.*

DECIDED SEPTEMBER 28, 1929.

*T. L. Slappey, Robert C. W. Ramspeck,* for plaintiff in error.
*McElreath & Scott,* contra.

STEPHENS, J. (After stating the foregoing facts.) The plaintiff was a partnership consisting of Mrs. S. A. Moseley and Mr. J. P. Sims. The written offer made by the purchaser to buy the defendant's real estate is captioned State of Georgia, Fulton County. The written acceptance of this offer by the defendant, in which he agrees also to pay the plaintiff a broker's commission for effecting the sale, appears upon the paper containing the purchaser's offer immediately after the purchaser's signature thereto. It contains nothing to indicate its venue except the caption at the top of the purchaser's offer. The evidence authorizes the inference that the contract of sale and the defendant's contract to pay the plaintiff a real-estate broker's commission were executed in Fulton County on or about December 16, 1926, and that at that time no real-estate broker's license, as required by an act approved August 14, 1925 (Ga. L. 1925 p. 325), had been issued to the Moseley Realty Company, which was a partnership consisting of Mrs. S. A. Moseley and Mr. J. P. Sims, which would entitle both members of the partnership to engage in the business of a real-estate broker within Fulton County, but that the license under which the plaintiff at the time was authorized to engage in business authorized Mrs. Moseley only to engage in business as a real-estate broker. Nor did Mr. J. P. Sims at that time have a license to engage in business as a. real-estate salesman in Fulton County as required by the act of

1925. It appears from undisputed evidence that the sale was effected and the defendant's contract to pay a commission therefor was procured, solely through the efforts of Mr. J. P. Sims.

The act of 1925 relative to licenses for real-estate brokers and salesmen in certain counties within this State, among which is the County of Fulton, provides, in section 10, that "if the licensee be a copartnership, the license issued to it shall entitle one member of said copartnership to engage in the business of a real-estate broker within the meaning of this act. For every other member of such copartnership, the annual fee shall be $10. For a salesman's license, the annual fee shall be $10." Section 18 of the act provides that "any person or corporation acting as a real-estate broker or real estate salesman within the meaning of this act without a license shall be guilty of a misdemeanor," and on conviction punished, etc. Mr. Sims, not having obtained a license as a real-estate salesman, and not having obtained a license authorizing him, as a member of the partnership, to engage in the business of a real-estate broker, was not authorized, either as a broker or as a salesman, to effect the sale and enter into a contract with the defendant for a commission. The partnership as such could only engage in the business of a real-estate broker through Mrs. Moseley, who alone, under the license issued, was entitled to act as a real-estate broker. It could not engage in the business of a real-estate broker through the activities of the other partner, J. P. Sims, who, under the license issued to the partnership, was not entitled as a partner to engage in the business of a real-estate broker. If the transaction took place in Fulton County, both the partnership, acting through Mr. Sims as a partner, and Mr. Sims himself, whether acting as a real-estate broker or as a real-estate salesman, acted in violation of the real-estate license act of 1925, in effecting the sale of the property for the defendant and in procuring the defendant's agreement to pay to the partnership a commission for the services rendered. On the authority of *Padgett* v. *Silver Lake Park Corp.*, 168 *Ga.* 759 (149 S. E. 180), the plaintiff, if it acted in violation of the real-estate broker's act of 1925, is precluded from recovering commissions under the contract sued on.

The court erred in directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*