## 19785. PRATT *v.* SLOAN.

Decided February 15, 1930.

*Hooper & Hooper,* for plaintiff.

*Smith, Hammond, Smith & Bloodworth, W. L. Bryan,* for defendant.

Bell, J.   Miss W. S. Pratt, a real-estate broker of the State of Florida, sued' W. P. Sloan for an amount alleged to be due as commissions on a sale of real estate situated in that State.   The defendant, after first answering the suit with a general denial, pleaded by amendment that the brokerage contract was void and unenforceable because the plaintiff had not complied with an act of the General Assembly of Florida, approved May 26, 1925, regulating the business of real-estate brokers and salesmen, a copy of which was set forth as an exhibit to the amendment.   The plaintiff objected to the allowance of this amendment, upon the ground that it failed to set forth any valid defense.   The objection was overruled and the plaintiff excepted pendente lite.   The counsel then agreed that the case should be tried before the court without a jury.

It was tried accordingly, and resulted in a finding and judgment for the defendant.   After this the plaintiff made a motion for a new trial, which the court overruled, and the plaintiff excepted.

The defendant made proof of the Florida statute which he had pleaded, and it contained substantially, among others, the following provisions:   That it shall be unlawful for any person to do busi-

ness as a real-estate broker or salesman until he has first paid a prescribed fee and obtained a license, which can be had only upon application to a designated judicial officer accompanied by testimonials in proof of the applicant's good reputation for honesty, truthfulness, fair dealing, and competency, and which license the officer may refuse in case of objections filed and a finding by him against the trustworthiness of the applicant; that persons violating the provisions of such statute shall be guilty of crime and subject to punishment therefor; and that no person shall be permitted to recover for services rendered or claimed to have been rendered in the sale or purchase of real estate, without first having complied with the provisions of the act as to payment of the license fee. The plaintiff admitted that she had not complied with the act in question, and the evidence tended to show the following facts: That the plaintiff was a resident of the State of Florida and had offices in the city of Miami, from which she engaged generally in the business of selling Florida real estate on a commission or brokerage basis. In the summer of 1925 the plaintiff sought to interest certain persons in the purchase of a tract of land belonging to the defendant and situated in that State. While the defendant was at the time a resident of the State of Florida, he was living temporarily in the State of Georgia. His mother, who was also for the time being in this State, was authorized to represent him, and did represent him, to the extent of listing the property with the plaintiff for sale on a commission basis. The contract of listment was made in Georgia when the plaintiff visited the defendant's mother in this State for the purpose of obtaining such contract. It was entered into on September 28, 1925. While here the plaintiff sent a telegram or telegrams to one or more persons in the State of Florida whom she is seeking to interest in the purchase of the property. Such prospective purchasers were also residents of the State of Florida, and the plaintiff had further negotiations with them upon returning to that State. Some time during the month of October she succeeded in agreeing upon terms of sale with such prospective purchasers, and was enabled to produce them as persons who were ready, willing, and able to buy upon the terms stipulated by the owner. A contract for the purchase of the property was then drawn in the State of Florida, but the purchasers objected to the proposal of the plaintiff to sign it in behalf of the

seller, and this necessitated a trip to Atlanta, Georgia, to obtain the defendant's personal signature to the contract of sale. Accordingly, the contract of sale was executed between the seller and the purchasers of this State. All negotiations and transactions between the plaintiff and the defendant, directly or through the defendant's agent, and between the plaintiff and the purchasers, were had in the State of Florida except the making of the brokerage contract and the signing of the contract of sale between the defendant and the purchasers procured by the plaintiff.

We do not think the court erred in allowing the amendment to the defendant's answer, nor in finding in favor of the defendant upon the plea as amended. The only question raised in the motion for a new trial is in reference to the sufficiency of the evidence to establish the defense claimed; and, being of the opinion that the evidence was sufficient for this purpose, we must affirm the judgment refusing a new trial. A few words in support of these conclusions: Where a contract is made in one State to be performed in another, the laws of the latter State will govern as to the validity, nature, obligation, and construction of the contract, where they are duly pleaded and proved, and such laws will be enforced by comity in this State unless they are contrary to public policy or prejudicial to the interests of this State. Civil Code (1910), § 9; *Vanzant* v. *Arnold,* 31 *Ga.* 210 (3); *Dunn* v. *Welsh,* 62 *Ga.* 241 (2); *Sally* v. *Bank of Union,* 150 *Ga.* 281 (3) (103 S. E. 460); *Ullman* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657). Undoubtedly the evidence authorized the inference that the brokerage contract, although made in the State of Georgia, was intended by the parties to be performed in the State of Florida, as alleged in the defendant's plea. The plaintiff's undertaking was merely to find a purchaser, ready, willing, and able to buy the property upon the terms stipulated by the owner; and it appears that this not only was intended to be done, but was actually done, in the State of Florida. The fact that the plaintiff and the purchasers thereafter came to the State of Georgia for the purpose of having the owner sign the contract of sale would not alone require that the plaintiff's right as a broker to recover the commission sued for should be governed by the laws of the State of Georgia. *Bush* v. *Hessig-Ellis Drug Co.,* 10 *Ga. App.* 588 (3) (73 S. E. 1097); *Newton* v. *Coe-Mortimer Co.,* 20 *Ga. App.* 736 (93 S. E. 235); *Cook Brewing Co.* v.

*Lawrence,* 142 *Ga.* 255 (82 S. E. 653); *First National Bank* v. *Rambo,* 143 *Ga.* 665 (85 S. E. 840). It is the rule in this State, that, where a statute provides that persons proposing to engage in a certain business shall procure a license before being authorized to do so, and where it appears from the terms of the statute that it was enacted not merely as a revenue measure but was intended as a regulation of such business in the interest of the public, contracts made in violation of such statute are void and unenforceable. *Toole* v. *Wiregrass Development Co.,* 142 *Ga.* 57 (82 S. E. 514); *McLamb* v. *Phillips,* 34 *Ga. App.* 210 (129 S. E. 570). This may or may not be the rule of construction which obtains in the State of Florida. By this rule it would be very clear that the statute of Florida approved May 26, 1925, was such that the failure to comply with its provisions by a person to whose business it was applicable would prevent a recovery for services rendered by him as a real-estate broker. *Padgett* v. *Silver Lake Park Corp.,* 168 *Ga.* 759 (149 S. E. 180); *Lee* v. *Moseley,* 40 *Ga. App.* 371 (149 S. E. 808).

But whether or not it might be proper to do so, we will not place our ruling as to the invalidity of the contract under such foreign statute upon the ground that the statute appears to have been enacted as a regulation of business in the interest of the public, and not as a mere revenue measure. There is a more immediate basis for such conclusion. Since we are to apply the law of the State where the contract was to be performed, and since it appears that under the express provisions of the statute of that State as pleaded and proved no person shall be permitted to recover for services rendered or claimed to have been rendered in the sale or purchase of real estate, without having first complied with certain other provisions of the statute as to the payment of a license fee, it follows as a necessary legal result that the plaintiff, who admittedly did not comply with the act, was not entitled to recover the commissions claimed. The enforcement of such statute by the courts of this State will not amount to the application of a penal statute of another State, nor to the recognition of a statute contrary to the public policy of this State, but the allowance of the defense claimed is merely to determine the rights of the plaintiff according to the law applicable to the contract, from which law it appears that her alleged right has never accrued. *Joice* v. *Scales,* 18 *Ga.* 725; *Sherman* v. *Bitting,* 26 *Ga. App.* 299 (3) (105 S. E. 848); *Ullman* v. *Magill* and *Padgett* v. *Silver Lake Park Corp.,* supra.

There was no error in any of the rulings complained of.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*