41455. ROCKER et al. v. WINDSOR FOREST, INC.

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 23, 1965.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Robert E. Corry, Jr.,* for plaintiff in error.

*Edward D. Wheeler,* contra.

DEEN, Judge. Whether or not the trial court erred in directing a verdict for the defendant on its plea to the jurisdiction depends on whether the evidence demands a finding that the defendant did "maintain a place of business and agent in this State upon whom service may be perfected" as of January 29, 1965, the date of filing of this petition. Otherwise, under the provisions of *Code Ann.* § 22-1509, the suit was properly brought in Fulton County, the county of residence of Tom Bergen, who was designated in the annual return required by *Code Ann.* § 22-1703 made by the corporation over the signature of its president to the Secretary of State as its agent for accepting service. Where the foreign corporation does in fact maintain a place of business or agent upon whom service may be perfected in a county of this State, then service should be under *Code* § 22-1101 "by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation."

It appears without dispute from the evidence that James Lewis, who certified to the fact that the defendant Windsor Forest, Inc. appointed Tom Bergen, a resident of Fulton County, as its agent for service, was president of this and 22 other interlocking companies having roughly the same ownership and personnel; that Bergen did not work for Windsor Forest, Inc. but did work for Windsor Forest Construction, Inc., one of the other related corporations; that Windsor Forest, Inc. did no business in Fulton County but was engaged in erecting houses in DeKalb County, that both corporations would contract for the construction of homes in the same subdivision, the determination of which lot would bear construction by a given corporation being a management decision; that Marshall Cole, who the defendant maintained was its proper agent for service, was employed as project manager by several of the corporations including this defendant; that somewhere around the end of January, 1965, he

opened an office on Bouldercrest Drive which he "operated out of" during five days a week but that he was in fact a resident of Alabama; that there were no other employees at this address; that Windsor Forest, Inc. had been building homes in DeKalb County over a two-year period. Although Lewis testified that it had at all times maintained a place of business in that county, Bergen testified that general instructions came to him from the general superintendent, Marshall Cole who to his knowledge lived in Birmingham, Ala.; that he did have conversations with Lewis as to being an agent for service in Georgia; that he was replaced on February 15, 1965; that there were no permanent offices for the corporations but only construction shacks which were moved from time to time as a house was completed; that the sales personnel operated out of the model homes, moving on to another as one was sold. So far as Bergen knew, none of the companies had any permanent or semipermanent office in the State, and the temporary construction shacks were the only places for transacting any business of any of these companies that he knew of.

The burden is on the defendant to establish its plea to the jurisdiction by a preponderance of the evidence. *Pyron & Son v. Ruohs,* 120 Ga. 1061 (48 SE 434). The testimony of the defendant's president, Lewis, that the company did maintain an office and place of doing business in DeKalb County is contradicted by the registration under his signature in the office of the Secretary of State and by his failure to positively identify any particular place of doing business as of the date this suit was filed. It is further contradicted by the testimony of the named agent for service, Bergen, whose testimony shows that there was no "place of transacting the usual and ordinary public business of such corporation" within the meaning of *Code* § 22-1101. A place of doing public business should be "public" in the sense that it is semipermanent and easily accessible to one searching for it. A corporation can speak only through its authorized agents, of whom its president is generally the most authoritative. The direction of the verdict here depends entirely on the testimony of Lewis that (a) the defendant had a place of doing business in DeKalb County for two years

prior to April 13, 1965, and (b) that at a time which he thought was early in the year and which he could not positively identify as being prior to February 1, 1965 (the date of service), this place of business was an apartment in a residential complex, served only by the nonresident project manager who "operated out of" it five days a week. No other office or place of doing business was identified at all. Cole, the purported agent, was not produced and did not testify. On the other hand, although Lewis stated that the information was erroneous, he also admitted that he authorized his attorney to file the certificate with the Secretary of State which showed Bergen, a Fulton County resident, as the defendant's designated agent for service in this State. Where the testimony of a party to the litigation is self-contradictory, vague and equivocal, and is not supported by any other evidence, the trial court may properly direct a verdict against that party. *Shepard v. Chappell,* 29 Ga. App. 6 (113 SE 23). Although evidence is generally to be construed in favor of the verdict or judgment rendered, the testimony of the defendant's president, Lewis, is subject to an opposite construction under this rule of law. So construed, there is no testimony sufficient to carry the defendant's burden of showing that there was maintained "a place of business or agent in this State upon whom service may be perfected."

It was accordingly error to deny the plaintiff's motion for judgment notwithstanding the verdict on the defendant's plea to the jurisdiction.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*