## 42803.   DOWLING v. TRACY.

DEEN, Judge. 1. Where the testimony of a party is self-contradictory, vague and equivocal, and is not supported by any other evidence, the trial court may properly direct a verdict against him. *Rocker v. Windsor Forest, Inc.*, 112 Ga. App. 363, 366 (145 SE2d 291).

2. All the tesimony in the case except that of the plaintiff was firm that as the defendant operated his automobile toward an intersection of city streets controlled by a traffic light at a speed of between 12 and 15 miles per hour, but before he arrived at the crosswalk, the plaintiff, a pedestrian, collided with the side of his automobile and suffered the injuries sued for. There was in addition testimony that the plaintiff had a strong odor of liquor on him at the time and that he stated to the doctor who gave him emergency treatment that he had been drinking and did not know what happened. While

the plaintiff did testify on direct examination that he was crossing with a green light in his favor, he also stated several times that he did not remember what happened, did not see the automobile approaching, did not remember whether he waited for a green light or not, and where his testimony on the trial of the case differed in significant particulars from that given on deposition (although this latter is not alone determinative of any issue) and under all of the plaintiff's testimony it affirmatively appeared that he was vague and equivocal as to the circumstances causing the collision, no act of negligence alleged against the defendant was sufficiently supported by evidence to create a jury issue. The trial judge did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MAY 4, 1967—DECIDED JUNE 20, 1967.

*Russo & Russo, Lucio L. Russo, William Preston Dowling,* for appellant.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, George W. Hart,* for appellee.