45447. RAULERSON v. JONES.

Evans, Judge. This case involves dispossessory and distress warrants issued to obtain rent on certain premises leased and possession of the rented property. By consent of counsel for both parties the cases were consolidated and tried without the intervention of a jury. After hearing evidence upon the issues raised and the argument of counsel, the court released the property and denied the claim of the plaintiff for the rent due. A motion for new trial as amended was filed, heard and overruled. The appeal is from the judgment in these cases in favor of the defendant, and error is enumerated as to (1) the overruling of the motion for new trial, as amended; (2) the failure to admit into

evidence an agreement in carbon form, signed by the parties; and (3) the admission into evidence of appellee's testimony establishing an oral agreement between the parties, which oral agreement waives certain monthly payments arising from the previously executed written lease agreement between the parties. *Held:*

1. Where more than one copy of a document is executed at the same time, any copy thereof is a duplicate original, and it is primary evidence of the agreement instead of secondary evidence. It was error to exclude the document even though it was a carbon typewriter reproduction. While the original had not been signed by all the parties, this document was a complete agreement executed by and between the parties. *Savannah Bank &c. Co. v. Purvis,* 6 Ga. App. 275 (3) (65 SE 35); *Beard v. Westmoreland,* 90 Ga. App. 632, 637 (84 SE2d 93); *Campbell v. Pure Oil Co.,* 92 Ga. App. 523 (88 SE2d 630) and cits.; *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (4) (100 SE2d 902). The court erred in excluding the properly executed contract offered in evidence by the appellant and also in denying the motion for new trial based on this disallowance of legal evidence.

2. While the terms of a written contract cannot be subsequently modified by a parol agreement, yet it may be modified by a subsequent contract wholly in parol. *American Nat. Ins. Co. v. Lynch,* 49 Ga. App. 580 (1) (176 SE 546); *Cooper v. G. E. Constr. Co.,* 116 Ga. App. 690, 694 (158 SE2d 305); *Morrison v. Roberts,* 195 Ga. 45, 46 (23 SE2d 164). It appears from the evidence, although denied by the plaintiff, that a valid and legally binding oral contract was entered into by the parties whereby improvements were made to the property in consideration for release of the utilities rent authorized in the original lease. However, should it develop that the alleged written contract which was excluded on this trial is a valid novated contract and involves the same subject matter as that of the subsequent alleged "parol contract," the latter would be void as a nudum pactum. A complete re-evaluation of these factors will be required when the case is retried.

3. For the reasons stated in Headnote 1 above a new trial will be necessary.

442

*Judgment reversed. Hall, P. J., and Deen, J., concur.*
SUBMITTED JULY 9, 1970—DECIDED SEPTEMBER 14, 1970.

*Harris, Chance & McCracken, Albert M. Pickett,* for appellant.
*Nicholson & Fleming, John Fleming,* for appellee.