48325. STRICKLAND et al. v. FOUNDATION LIFE INSURANCE COMPANY.

HALL, Presiding Judge. Defendants Strickland and Schultz owned at least the majority of shares of Piedmont-Tenth Finance Company, which on July 19, 1968, executed a senior subordinated note payable to Foundation Life Insurance Co. in exchange for a $20,000 loan. Contemporaneously therewith, Strickland and Schultz executed a personal guaranty of the loan. The note bears the heading "Atlanta, Ga." The guaranty is headed "State of Georgia County of Fulton." Some time later, Schultz moved to Florida. Following default on the note and failure by the guarantors to pay, Foundation brought suit against them in DeKalb County, Georgia, where service was properly perfected in the county upon Strickland and personal service was made upon Schultz in Florida pursuant to the provisions of the Georgia Long Arm Statute, Code Ann. § 24-113.1 (a). In his answer and throughout proceedings below, Schultz maintained that he was not subject to the jurisdiction of the Georgia courts because he was a Florida resident and he had done nothing subject himself to Long Arm Jurisdiction.

At trial, Schultz did not personally appear, and following plaintiff's presentation and Strickland's defense, Schultz's attorney moved for a directed verdict on the jurisdiction point. This motion was denied, and the judge directed a verdict for plaintiff on the issue of liability of both defendants, subject only to jury consideration of certain claimed set-offs.

Both defendants appeal, raising two arguments: first, that the lower court erred in refusing a directed verdict for Schultz on the jurisdiction point; and secondly that certain documentary evidence was improperly admitted.

1. Concerning the jurisdiction point, Schultz argues that nothing in the record shows where the guaranty agreement was excuted, and therefore there is no evidence that he transacted any business in Georgia rendering the Long Arm Statute applicable. We think this contention is answered by the headings noted above on the two documents, and by the additional fact that there is no other evidence of any kind in the record tending to show where execution of the agreements took place. In the absence of evidence to the contrary, the inference is authorized that the place of execution of a document is the place identified in the heading. *Lee v. Moseley,* 40 Ga. App. 371 (1) (149 SE 808). We must infer that these contracts were executed in Georgia and additionally we will infer in the absence of evidence to the contrary that they were delivered in Georgia. See *Lee v. Moseley,* supra. Moreover the evidence showed that the guaranty secured a loan to a Georgia business enterprise; it was executed by two Georgia residents; and it contemplated payment at the principal office of the lender which was stated in the note to be in Atlanta, Georgia. Therefore, we do not have here the question we sometimes have of whether the transaction had sufficient minimum contacts with the State of Georgia to justify this state's exercise of jurisdiction. Indeed, the record fails to show that any state other than Georgia had any significant contacts with this transaction.

For these reasons, the law of Georgia applies to the construction of these contracts, even though the contracts themselves contain no specific provision to that effect. See *McKie v. McKie,* 213 Ga. 582 (100 SE2d 580); *Gunn v. A. L. Wilson Co.,* 20 Ga. App. 14 (92 SE 721).

Viewed in the light of our comments above, this case is entirely controlled by the recent decision of the Georgia Supreme Court in *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285), and exercise

of the Georgia Long Arm Statute was proper.

In *Davis Metals,* the facts showed that a Georgia resident had executed in Georgia an employment contract containing a non-competition clause, which itself provided that the law of Georgia applied; and that after some work done under the contract, the employee quit, moved to Alabama, and began competing, thereby breaching the contract. Suit against him was begun in a Georgia court and in personam jurisdiction over him was obtained under the Long Arm Statute. The court decided that the cause of action alleged against the nonresident arose from his transaction of business within the state, and therefore that the Long Arm Statute applied because "the competition by the appellee in Alabama in and of itself would not give rise to a cause of action in favor of the appellant. If there was no contract in existence between the parties, then the appellee would be completely free to compete with the appellant in Alabama and anywhere else. *The act that gives birth to a cause of action because of the competition carried on in Alabama is the contract entered into by the parties in the State of Georgia.* "(Emphasis supplied.) *Davis Metals v. Allen,* 230 Ga. 623, supra, p. 625.

Here, the act giving rise to plaintiff's cause of action against defendants for non-payment of the loan was defendants' execution of the Georgia guaranty contract. Thus, the conditions for applicability of the Long Arm Statute are fully satisfied. Cf. *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (adopting the Illinois Rule). This is an earlier case than *Davis Metals,* and is controlled by it. Though the contract here, unlike *Davis Metals,* did not recite that Georgia law applied, for reasons set out above the contract was nonetheless inescapably controlled by Georgia law, thus erasing this distinction.

It is, after all, unnecessary to consider on this appeal whether plaintiff or defendant had the burden of proof concerning jurisdictional facts once defendant challenged jurisdiction. Without in any way deciding that plaintiff had the burden, see *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916); *Pyron & Son v. Ruohs,* 120 Ga. 1060 (48 SE 434); *Rocker v. Windsor Forest,* 112 Ga. App. 363 (145 SE2d 291), we nonetheless rule that plaintiff carried it.

2. The second point raised by this appeal concerns the propriety of admitting certain documentary evidence, namely a packet of Xerox copies of claim forms submitted by Piedmont-Tenth to Foundation Life and copies of Foundation Life's benefit checks

in response thereto. The objection raised by appellants is that these documents were copies of copies, and therefore are secondary evidence, inadmissible until a proper accounting of the original has been made (Code § 38-212), and that no satisfactory testimony was given showing that copies were made for the purpose of preserving the writing as required by Code Ann. § 38-710.

This contention is answered by the record with reference to the copies of the claim forms submitted by Piedmont-Tenth. Though the earlier testimony of the authenticating witness could have been clearer, counsel for appellants on cross examination asked if this was "a copy of the original claim form," and the answer was "Right." Documents of this type are properly admissible under Code Ann. § 38-710 without accounting for the original. *Smith v. Smith,* 224 Ga. 442 (162 SE2d 379).

With reference to the copies of checks, the situation is less clear, the witness having testified at one point that "it's a copy of a copy," and one question later "It's a voucher copy of the check drawn for Piedmont-Tenth." We observe that the documents from which the copies were made themselves bear the notation "Copy—Non Negotiable."

Under Georgia law, papers which are executed simultaneuosly with the original, by the same stroke of the pen or the typewriter, are admissible as primary evidence because they are considered duplicate originals. *Raulerson v. Jones,* 122 Ga. App. 440 (177 SE2d 181). Therefore, copies of duplicate originals are admissible under Code Ann § 38-710, without accounting for the original. Cf. *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (177 SE2d 167). Though the record is not without ambiguity, the testimony of the authenticating witness was that the documents were copies of "voucher" copies of the checks—which is consistent with their being copies of duplicate originals and therefore admissible. This matter rested within the sound discretion of the trial judge (*Williams v. American Surety Co.,* 83 Ga. App. 66 (62 SE2d 673); 11 Encyc. of Ga. L. 317, Evidence, § 66 (1967 Supp. 1972)), and on the record as a whole, we rule that this discretion was not abused in admitting these documents. This ruling is based on the reasons given above, and on the additional reason that the evidence contained in the exhibits questioned here was merely cumulative. The same evidence concerning the amounts paid to Piedmont-Tenth was presented by oral testimony and by the documents comprising another

exhibit, to which no objection has been raised here.

Having decided both points raised by appellants against them, we affirm.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 12, 1973.

*William P. Smith, III,* for appellants.
*Heyman & Sizemore, George H. Myshrall, Jr.,* for appellee.