## VANZANT, JONES & CO. vs. ARNOLD, HAMILTON & JOHNSON et al.

1. When a case has been withdrawn or dismissed, without a finding by the jury on the facts on which the defence rests, and the Court below allows it to be reinstated, this Court will not interfere with that discretion.

2. Defendants negotiated notes with the following endorrsement on the back: "For value received we assign the within notes to A., J. & H., and H. E. D. & Co., waiving demand and notice, and guarantee the payment of the same." *Held*, that the defendants are liable on said notes as indorsers.

3. When the plaintiffs resided in New York, the makers of certain notes in the State of Georgia, and the notes were indorsed by defendants, to an agent of the plaintiffs, in the State of Tennessee. *Held*, that the contract was to be performed in the State of Georgia, and the contract, as to its nature, validity, construction and obligation, was to be governed by the laws of Georgia, and not of Tennesee.

4. Does the remedy given by the Act of 26th December, 1826, to sureties and indorsers to compel suit on notes (by giving notice,) to be brought within three months, or they be discharged, affect the contract, or go only to the remedy? Query.

Motion to reinstate a case, in Fannin Superior Court. Decision by Judge RICE, at the May Term, 1860.

The record in this case exhibits the following state of facts, to wit:

Davis & Campbell made two notes, dated the 18th of

**GUARANTOR'S LIABILITY AS INDORSER.** "In 90 Ga. 307, Chief Justice Bleckley uses this significant language, in dealing with a case in which the following endorsement was made upon the note sued upon, by a person other than a party to the contract: **"For a consideration not herein named, we guarantee the payment of this claim to the Geiser Mfg. Co."** In discussing this, the Chief Justice says: **"Had the Geiser Mfg. Co.,** the payee of these notes, **signed a contract upon them with a third person** in the terms of that placed thereon by Jones & Toole (who were the third persons making the indorsement), **and** had afterwards **negotiated them** to a third person, **the Geiser Co. could** under our

August, 1856, due six months after date, payable to the order of Vanzant & Jamerson, for $447.25 each.

On the 20th of October, 1856, Vanzant, Jones & Co. indorsed both of said notes in the following form: "For value received, we assign the within notes to Arnold, Johnson & Hamilton, and to H. E. Diblee & Co., waiving demand and notice, and guarantee the payment of the same."

Arnold, Hamilton & Johnson, and H. E. Diblee & Co., instituted an action in Fannin Superior Court, against Vanzant, Jones & Co., to recover the sum due on the notes, the payment of which they had undertaken by said indorsement.

On the trial of the case, the plaintiffs introduced in evidence the notes sued on, with the indorsements thereon, and closed.

The defendants then proved that Davis & Campbell, the makers of the notes, and Vanzant, Jones & Co., the endorsers, and defendants, all resided in the State of Georgia, and that the plaintiffs resided in New York; that the endorsements were made and delivered to the plaintiffs' agent in the State of Tennessee, and that Vanzant, Jones & Co. notified the said agent to sue Davis & Campbell, the makers, which was not done until after three months from the date of such notice.

Upon this state of facts, the presiding Judge held that the notice to sue was a valid defence for the indorsers, without showing any law of Tennessee making such notice a defence against such indorsement, and gave the plaintiff leave to dismiss said case, with leave to move to reinstate said case in the event the Court should be of the opinion that the notice to sue was not a good defence.

The presiding Judge then passed the following order, to wit:

"It is therefore ordered by the Court, that said cause be dismissed, and that the defendants show cause at the next term of this Court, why said cause should not be reinstated, on the ground that the Court erred in holding said notice to sue to be a good defence in said case."

Upon hearing argument upon this rule, the presiding Judge, at the May Term, 1860, passed the following order, to wit:

"Upon hearing this rule, it is ordered by the Court that said nonsuit be set aside, and said case be reinstated."

The decision of the Court, reinstating said case, constitutes the error complained of in this case.

law be sued and made answerable as indorsers." He cites, as authority for this proposition, Vanzant v. Arnold, 31 Ga. 210. In the latter case it was held by this court that, notwithstanding a superadded obligation in some respects similar to the one under consideration in this case, a contract of indorsement was nevertheless complete. It has been questioned somewhat whether the view here presented as to the character

WM. PHILLIPS, REID & WEIL, for the plaintiffs in error.

MARTIN, represented by EZZARD, for the defendants in error.

*By the Court.*—LYON, J., delivering the opinion.

1. As the case had gone off from the docket in the Court below, without a finding, by the jury, of the facts on which the defence rested, we do not think there was any error in the Court's allowing the case to be reinstated—and as that is the whole of the judgment complained of, the judgment must be affirmed for that reason.

But as the merits of the defence have been argued as admitted facts, we have felt it to be our duty to pass upon the several questions made in the argument, and necessarily involved in the case.

It is insisted, first, by the counsel for plaintiffs in the Court below, that the contract of the defendants is not that of an indorsement; and, secondly, if an indorsement, that as it was made in Tennessee, the Act of 26th December, 1826, (*Cobb,* 595), does not affect it; that it is a contract made in the State of Tennessee, and not to be governed by the provisions of that Act.

2. We think the defendants are indorsers. Their written engagement on the back of the note has the legal effect of an indorsement in Georgia, of notes not payable or intended for negotiation in banks. That they stipulate therein to guaranty the payment of the note, does not the less make them indorsers, under the Act of 1826, already referred to, for by it they have the right to define their liability; and thus may be guarantors, and yet indorsers, within the meaning and provisions of that Act.

3. The next inquiry is, whether the defendants, as indorsers, are entitled to the benefit and protection of the provisions of that Act, the indorsement having been made in Tennessee? We think they can, upon the facts of this case. The makers of the notes and the indorsers all resided, at the time, in the State of Georgia, and that fact was known and understood at the making of the contract; and the defendants were only there for the purpose of effecting their

of the contract made by this indorsement is not in conflict with the view taken by the Supreme Court of the United States in the case of the Trust Company *v.* National Bank, 101 U. S. 68." Patillo *v.* Alexander, 96 Ga. 72; Geiser Manufacturing Co. *v.* Jones & Toole, 90 Ga. 309.

**"Under the former decisions of this court, the contract sued on**

negotiations, and as a matter, perhaps, purely of convenience, where the plaintiffs' agent for collection happened to be at the time. The contract was not to be performed there, but where all the parties, that is, the makers and indorsers, resided—in the State of Georgia—the plaintiffs and indorsers residing in the State of New York. In such cases, that is, when the contract is made in one place, and to be performed in another, it is a well settled rule, that the contract, in conformity to the presumed intention of the parties, as to its validity, nature, obligation and interpretation, is to be governed by the law of the place of performance. *Story's Conflict of Law,* §280. *2 Kent Com.* 459.

4. We are very strongly inclined to the opinion that the defence set up to this action by the defendants, under the Act of 1826, does not affect, either the nature, obligation, construction or validity of the contract, but goes only to the remedy; and if that be true, and we, as I have stated, are inclined to think that it is, then the defence is good, no matter where the contract is made or to be performed; and we do not at once so decide the question, because it is not necessary to the disposition of this case.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

seems to be one of indorsement. It was made, according to the allegations of the petition, for the purpose of transferring the note to the plaintiff in satisfaction of a claim held by it against the defendant, and the mere use of the word "guarantee" will not make the contract one of guaranty. The case of Patillo *v.* Alexander, 96 *Ga.* 60, seems to be controlling in principle on the question. See also Vanzant *v.* Arnold, 31 *Ga.* 210; Geiser Mfg. Co. *v.* Jones, 90 *Ga.* 309." Baldwin Fertilizer Co. *v.* Carmichael, 116 *Ga.* 763-4.