## DUNN vs. WELSH.

1. The plea of the general issue should not be stricken on demurrer.
2. Contracts made in Georgia to be performed in New York are governed by the law of the latter state. Hence, in a suit on drafts indorsed in blank, payable in New York, parol evidence was not admissible to explain the indorsement, such being the law of that state; and pleas setting up a parol agreement or understanding as to the indorsement were properly stricken.

Practice in the Superior Court. Contracts. Evidence. Pleadings. Before Judge HARRIS. Glynn Superior Court. May Term, 1878.

Reported in the decision.

GOODYEAR & HARRIS, for plaintiff in error, cited (as to

general issue) Code, §3458; 41 *Ga.*, 409; 61 *Ib.*, 67. As to other pleas, 22 *Ga.*, 24; 57 *Ib.*, 140; 59 *Ib.*, 701; 8 *Ib.*, 559; 5 Serg. & R., 363; 43 N. H., 255; 3 Bush, 157; 4 *Ib.*, 678; 21 Pick., 195; 2 Hill, 663; 10 Barb., 512; 18 Ohio, 441; 1 Serg. & R., 32; 58 Penn. St., 97; 60 *Ga.*, 454; *Camp vs. Simmons*, (August Term, 1878); Code, §§3808, 2160, 2171, 2154.

H. A. DUNWOODY; C. SYMMES, by CANDLER & THOMPSON, for defendant.

WARNER, Chief Justice.

On April 2, 1878, Henry Welsh brought suit in the short form against U. Dart, jr., agent, and D. T. Dunn, indorser, charging U. Dart, jr., agent, as maker, and D. T. Dunn as indorser on two bills of exchange, one for $540.00, dated April 20th, 1876, due ninety days date, made by U. Dart, jr., agent, drawn on W. A. Ross, of New York, payable to the order of D. T. Dunn and accepted by W. A. Ross, payable in New York. The other dated June 26th, 1876, and for $550.00, but in every other respect identical with the first.

At May term of court, 1877, D. T. Dunn, as indorser, filed his separate plea of the general issue.

At November term, 1877, U. Dart, jr., confessed judgment. D. T. Dunn, as indorser, tendered two amended pleas, one that at the time of making the indorsement of these bills of exchange to plaintiff there was a distinct parol understanding with plaintiff that he should exhaust all of his legal remedies against the maker and acceptor, before proceeding against him as indorser. The other, that U. Dart, jr., agent, was, at the time he signed this paper, agent under a power of attorney to run a steam saw-mill for U. Dart, trustee of a large and valuable trust estate. That as such agent he had express power in said power of attorney to draw drafts in connection with said trust estate about the business of said steam saw-mill, the property of said trust estate, and that he drew these drafts as such agent

and under such power. That if the trust estate were sued, which was really the party liable as maker, the trust estate was ample to pay the debt and that defendant, as indorser, could protect himself by paying any judgment obtained, and proceeding with the same against the trust estate, but that U. Dart, jr., was wholly insolvent and a judgment against him would be no defense to him as indorser.

At May term, 1878, counsel for plaintiff moved to dismiss said pleas, which motion the court granted, striking all of the pleas of Dunn as indorser, and allowed plaintiff to take a judgment of the court, to which the defendant Dunn excepted.

1. When a defendant files a plea of the general issue under oath, it is such an issuable defense as entitles him to go to the jury, and it is error for the court to strike such a plea and award a judgment by the court without the intervention of a jury. *Causey vs. Cooper*, 41 *Ga.*, 409.

2. There was no error in striking the special pleas of Dunn, the indorser, inasmuch as the two bills of exchange indorsed by him, were New York contracts, and by the law of that state the legal liability of a blank indorser cannot be explained or altered by parol evidence. Code, section 8; *Herschfeld vs. Dexel*, 12 *Ga.*, 582; *Meador vs. Dollar Savings Bank*, 56 *Ga.*, 605. We reverse the judgment on the ground that the court erred in striking the defendant's plea of the general issue, and awarding judgment without the intervention of a jury.

Judgment reversed.