The Rome Railroad Company v. Barnett.

1. The denial of a continuance where the sole ground of the application was the absence of a non-resident witness whose testimony might have been taken by interrogatories but was not, the movant having relied upon his promise to attend court and showing as an

excuse for his non-attendance that he was hindered by providential cause, was certainly no abuse of discretion.

2. It is no cause for a new trial that counsel read reported cases to the court and commented upon them in arguing a question of law to the court, whether this was done in the hearing of the jury or not.

3. In a civil action against the master for damages for a willful or reckless homicide committed by his servant, it is not requisite that any element of the case should be established with such certainty as to leave no reasonable doubt upon the minds of the jury.

4. The facts in evidence did not render it necessary to charge the jury that anything which would excuse the servant criminally would excuse the master civilly.

5. Unless a particular witness in behalf of the plaintiff below testified truly, the verdict would be an outrage upon justice. The credibility of this witness was attacked by every means known to the law, including contradiction by another witness, evidence of bad character, and his own previous affidavit to a written report of the facts at variance with his testimony at the trial; yet the jury, if not themselves corrupt, must have believed him, for they found for the plaintiff; and, the court below having approved their finding, this court is constrained by law to acquiesce. Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses. The law provides for setting aside judgments obtained by perjury after conviction of that offence.

March 26, 1894. Argued at the last term.  *Judgment affirmed.*

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

The plaintiff's allegations may be seen by reference to a former report of the case. 89 *Ga.* 718. The last trial resulted in a verdict for the plaintiff, and defendant's motion for a new trial was overruled. The main witness for the plaintiff was Joe Herrick, who was fireman upon the engine that killed Barnett. According to his testimony, the engineer was aware of Barnett's presence in time to avoid injuring him, but gave no signal or warning, and made no effort to check the engine, but recklessly or willfully ran it forward. As to testimony in conflict with that of Herrick, see the fifth headnote. The motion for new trial was upon the following grounds:

1. Refusal to continue the case for the absence of

Ashley, a material witness for defendant, by whom defendant expected to prove that, frequently after the accident, Joe Herrick stated to him that no one on the engine saw Barnett in time to stop, and that Herrick did not know he was there until after the accident. Ashley had frequently assured counsel that he would come promptly whenever the case was called for trial. He was an engineer of the Central Railroad Co., running from Griffin to Chattanooga, and dividing his time between those two places when not running. The railroads by courtesy always send their employees to testify in behalf of other railroads, giving them leave of absence and transportation for that purpose. About a week before the trial, counsel returned from Florida, where he had been for his health, made inquiry for Ashley, and learned that several days previously he had obtained leave of absence and gone to Hot Springs for his health, but would return in a month. The application was not made for delay, etc.

2. Permitting plaintiff's counsel in opening argument, over objection, to read to the court, in the presence and hearing of the jury, the statement of facts and decision in the case of *Railroad Co.* v. *Denson*, 84 *Ga.* 774, discussing the former decision in the present case, and contending that the facts of the *Denson* case were analogous to those of the case on trial, and that the decision thereon controlled the present case.

3. Refusal to charge, that the jury could not find for the plaintiff unless they believed beyond a reasonable doubt that the engineer was guilty of murder or some other indictable offence; and that in considering the issue as to whether the engineer was guilty of willful homicide, the railroad company would be entitled to all reasonable doubt; and if, after considering all the evidence in the case, the jury should have a reasonable doubt of his guilt, it would be their duty to give the

railroad company the benefit of the doubt and find for the defendant.

4. Refusal to charge as stated in the fourth head-note.

5. Verdict contrary to law and evidence.

W. W. BROOKES and W. T. TURNBULL, for plaintiff in error. WRIGHT, MEYERHARDT & WRIGHT and C. N. FEATHERSTON, contra.