SALLY *v.* BANK OF UNION.

GILBERT, J. 1. When a surety has been sued separately from his principal, it is not then too late for the surety to give the notice provided for in section 3546 of the Civil Code, to proceed against the principal debtor (the principal debtor being within the jurisdiction of this State). Said section provides that the surety, "at any time" after the debt on which he is liable becomes due, may give the notice.

2. The provisions of section 3546 of the Civil Code do not affect either the nature, obligation, construction, or validity of the contract, but go only to the remedy. See *Vanzant* v. *Arnold,* 31 *Ga.* 210 (4), 213, where this view was expressed in the opinion, but where the decision of the question was not necessary to the disposition of the case. "The indorser derives his right to be released from the statute," and not from anything contained in the contract; *Howard* v. *Brown,* 3 *Ga.* 523, 531. See *Thomas* v. *Clarkson,* 125 *Ga.* 72 (3), 78 [54 S. E. 77, 6 L. R. A. (N. S.) 658). The statute operates as the extinguishment of a remedy, and not of a right, and is therefore in the nature of a limitation of actions. 17 R. C. L. 666, and authorities cited.

3. The statute law of North Carolina, providing that a married woman is liable upon her contract of suretyship if such contract was made in North Carolina, will not be enforced in this State. The Civil Code (1910) of Georgia, § 3007, provides that "while the wife may contract, she can not bind her separate estate by any contract of suretyship." The courts of this State will not enforce the laws of other States where their enforcement is contrary to the policy of this State as expressed by statute, as in this instance. Civil Code, §§ 9, 4240; *Benton* v. *Singleton,* 114 *Ga.* 548 (40 S. E. 811); 12 C. J. 438, 439; 5 R. C. L. 911, § 5.                    *All the Justices concur.*

No. 1721. JUNE 16, 1920.

The Court of Appeals certified for instruction (in Case No. 10414) the following questions, the answers to which will be found in the headnotes:

"1. When a surety has been sued separately from his principal, is it *then* too late for the surety to give the notice provided for in section 3546 of the Civil Code (1910), to proceed against the principal debtor?

"2. Do the provisions of section 3546 of the Civil Code affect the *contract* or go only to the *remedy?*

"3. The statutory law of this State being that 'while the wife

may contract, she cannot bind her separate estate by any contract of suretyship' (Civil Code, § 3007), will the statute law of North Carolina, providing that a married woman is liable upon her contract of suretyship, be enforced in this State, inasmuch as the law of the lex loci contractus is in contravention of the express statute law of the forum?"

*B. B. McCowen,* for plaintiff in error.

*Alexander & Lee,* contra.