10414.    SALLY *v.* BANK OF UNION.

SMITH, J.    "1. When a surety has been sued separately from his principal, it is not then too late for the surety to give the notice, provided for in section 3546 of the Civil Code (1910), to proceed against

the principal debtor (the principal debtor being within the jurisdiction of this State). Said section provides that the surety. 'at any time' after the debt on which he is liable becomes due, may give the notice.

" 2. The provisions of section 3546 of the Civil Code (supra) do not affect either the nature, obligation, construction, or validity of the contract, but go only to the remedy. See *Vanzant* v. *Arnold*, 31 *Ga*. 210 (4), 213, where this view was expressed in the opinion, but where the decision of the question was not necessary to the disposition of the case. 'The indorser derives his right to be released from the statute,' and not from anything contained in the contract. *Howard* v. *Brown*, 3 *Ga*. 523, 531. See *Thomas* v. *Clarkson*, 125 *Ga*. 72 (3) (54 S. E. 77, 6 L. R. A. (N. S.) 658). The statute operates as the extinguishment of a remedy, and not of a right, and is therefore in the nature of a limitation of actions. 17 R. C. L. 666, and authorities cited.

" 3. The statute law of North Carolina, providing that a married woman is liable upon her contract of suretyship if such contract was made in North Carolina, will not be enforced in this State. The Civil Code of Georgia (1910), § 3007, provides that 'while the wife may contract, she cannot bind her separate estate by any contract of suretyship.' The courts of this State will not enforce the laws of other States where their enforcement is contrary to the policy of this State as expressed by statute, as in this instance. Civil Code (1910), §§ 9, 4240; *Benton* v. *Singleton*, 114 *Ga*. 548 (40 S. E. 811); 12 C. J. 438, 439; 5 R. C. L. 911, § 5."

In answer to certified questions by this court the Supreme Court made the rulings quoted above (150 *Ga*. 281, 103 S. E. 460), which compel a reversal of the judgment of the court below in this case.

   *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
      Decided July 19, 1920.

Complaint; from city court of Richmond county — Judge Black. February 19, 1919.

 *B. B. McCowen*, for plaintiff in error.
 *Alexander & Lee*, contra.