18749. ATLANTA & WEST POINT RAILROAD CO. *v.* LAMBERT.

STEPHENS, J. 1. An instruction of the court to the jury which correctly states a complete proposition of law is not error because of failure to give an additional instruction in immediate connection therewith. Where the court, in part compliance with written request to charge, made by the defendant, submitted to the jury as issues of fact whether the defendant owed certain duties to the plaintiff, or whether the defendant was negligent, and failed to give in immediate connection therewith an additional part of the requested charge, as to the duty resting upon the plaintiff as respects the avoidance of the consequences of the defendant's negligence, if there was any, in failing to perform any of these duties, the failure so to charge did not constitute error in that part of the requested charge which was given, in that the court, in failing to give the omitted part, magnified the duty and responsibility of the defendant, and minimized the correlative duty and responsibility of the plaintiff.

2. In a suit for damages for personal injuries alleged to have been received by the plaintiff from being run into by a backing freight-train of the defendant at a public crossing, where in the petition, the plaintiff alleged that the defendant was negligent in not maintaining a watchman at the crossing, this allegation of negligence was not disproved by the testimony of the plaintiff himself that the conductor of the freight-train was acting as a watchman, but that he, when the plaintiff was approaching the crossing, was leading a blind man across the railroad-

track at the crossing. From this evidence an inference was authorized that the conductor, when the plaintiff was approaching the crossing, had ceased to act as a watchman at the crossing as respects any duty owing by the railroad company to the plaintiff to maintain a watchman at the crossing. It was therefore not error to refuse to give an instruction, requested by the defendant, that the plaintiff's allegation that the defendant was negligent in not maintaining a watchman at the crossing was disproved by his own testimony that the defendant maintained a watchman in the person of the conductor.

3. On the trial of such a suit, where it appeared from uncontradicted evidence, that the plaintiff knew of the train's proximity to the crossing, there was no issue presented as to whether there was any duty resting upon the plaintiff to look or listen for the approach of a train. The court therefore properly refused to give a requested charge submitting to the jury, as an issue, whether the plaintiff was under a duty to look and listen for the approach of the train.

4. An exception to the failure of the court to charge, as requested, that "this law as to the duty of a railroad company in approaching a public crossing relates to a person or property which may be on the crossing . . . as the train . . approaches upon said crossing, and has no relation to a person who comes upon the crossing," shows no ground of error where it does not appear that the attention of the jury had been called to any law as to the duty of a railroad company when its train approaches a public crossing, and where it does not appear that the court had not elsewhere in the charge correctly instructed the jury as to the duty resting upon a railroad company as respects a person who comes upon the crossing after the train has partially passed over.

5. An exception to the failure of the court to give a requested charge as to the statutory duty of the plaintiff to have his automobile under immediate control, and not to operate it at a speed greater than 10 miles per hour, upon the ground that, while the court gave to the jury a charge with reference to the duty of a person approaching a railroad crossing, movant's request . . was an application of the principles of law limited to one breach of the duty of such person approaching the crossing, is insufficient to show error, in that it does not appear that the court, in charging with reference to the duty of a person approaching a railroad crossing, did not charge the principles of law limited to this branch of the duty of such person when approaching the crossing.

6. An instruction to the jury that the amount which the jury may allow to the plaintiff for a certain element of damage, as, for instance, for an impaired earning capacity, must be reduced by the jury "under instructions" which the judge states he has already given, even if the instructions referred to were the instructions as to a reduction of. the amount found by the application of the law as to comparative negligence, was a charge favorable to the defendant; and although the court had "specifically instructed the jury that the plaintiff could recover separate sums representing other elements of damage, this charge was not error as limiting the jury's right to reduce to a cash value only the sum allowed by them for impaired earning capacity.

7. Motions for continuance are addressed to the sound discretion of the trial judge, and, unless he has abused this discretion, it will not be interfered with. *Hilton* v. *Haynes*, 147 ' *Ga.* 725 (2) (95 S. E. 220). The trial judge did not abuse his discretion in denying a motion for a continuance upon the ground that a witness living in another county, who had been subpœnaed and had responded to the subpœna, had, while in attendance on the court, become ill and unable to testify, where it afterwards appeared that other disinterested witnesses testified to the same facts that it was expected would be testified to by the absent witness. *Rome Railroad Co.* v. *Barnett*, 94 *Ga.* 446 (20 S. E. 355).

8. Under the doctrine of Baltimore & Ohio Railroad Co. *v.* Goodman, 275 U. S. 66 (48 Sup. Ct. 24, 72 L. ed. 167, 56 A. L. R. 645), a verdict for the defendant was not demanded as a matter of law. *Seaboard Air-Line Railroad Co.* v. *Sarman*, 38 *Ga. App.* 637 (144 S. E. 810); *Georgia Railroad &c.* v. *Stanley*, 38 *Ga. App.* 773 (145 S. E. 530).

9. The petition as amended set out a cause of action, and was good as against the demurrer. The court, fairly to the defendant, submitted all the issues made by the pleadings and the evidence, and also charged substantially as requested by the defendant. No error appears, and the evidence authorized the verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1929.

*Howell, Heyman & Bolding, Post & Arnold,* for plaintiff in error. *Hall & Jones,* contra.