## 20159. EALEY *v.* THE STATE.

DECIDED JANUARY 14, 1930.

LUKE, J.   On March 27, 1929, Jake Ealey was tried and convicted in the criminal court of Atlanta upon an accusation charging him with possessing "three quarts of corn whisky in a can at 115 Walnut street," in the City of Atlanta.

The State's case is this: Messrs. Vinson and Dixon saw a little negro boy running down an alley towards the rear of the defendant's house. They never saw the boy enter the house, but thought he did, and they went up to the defendant's apartment. Defendant's wife was there. Noticing that the bed was not made up smoothly, they pulled down the cover and found three quarts of corn whisky in a gallon jug in the bed. When the officers started up the steps to the defendant's apartment, the defendant came around the house. The officers told the defendant they were looking for whisky, and he said: "Go ahead and look in my house; I don't know anything about it."

Over the objection that they were irrelevant and concerned transactions entirely distinct from the one under consideration, the court admitted in evidence two accusations to which the defendant had pleaded guilty, dated respectively July 12, 1927, and November 15, 1926, "one for three quarts of corn whisky in cans at 101 Walnut street, and one for five quarts of corn whisky in cans at 227 Walnut street." The gist of the defendant's statement at the trial was that he knew nothing about the whisky, and that the only way he could figure it out was that the negro boy became frightened and ran up to the defendant's apartment and put the whisky in the bed. Under the law the defendant was prima facie the owner of the whisky found in the bed in his apartment. *Isom* v. *State, 32 Ga. App.* 75 (122 S. E. 722) ; *George* v. *State, 37 Ga. App.* 513 (140 S. E. 903). The jury, as they had the right to do, declined to believe that the boy put the whisky there. Therefore the evidence warranted the verdict.

The trial judge properly admitted the accusations in evidence, to show intent and guilty knowledge on the part of the accused. See *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738) ; *Cook* v. *State*, 33 *Ga. App.* 571 (4) (127 S. E. 156) ; *Hayes* v. *State*, 36 *Ga. App.* 668 (137 S. E. 860) ; *Terry* v. *State*, 36 *Ga. App.* 305 (136 S. E. 476) ; *Johnson* v. *State*, 37 *Ga. App.* 331 (140 S. E. 422). See also *Ealey* v. *State*, No. 20160, ante, 727, which involves the introduction of the identical accusations now under consideration.

There was ample evidence to support the verdict; the trial judge properly admitted the accusations in evidence, and for no reason assigned did the judge of the superior court err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*