## 20538. COPELAND v. THE STATE.

BLOODWORTH, J. Applications for a new trial on the ground that the verdict is contrary to the evidence are addressed to a sound legal discretion to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere if there is any evidence which would justify the jury in reaching the conclusion set forth in the verdict. "Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses." *Rome Railroad Co.* v. *Barnett,* 94 *Ga.* 446 (5) (20 S. E. 355). "The right of the jury to settle disputed issues of fact is supreme and exclusive." *Charles* v. *Brooker,* 1 *Ga. App.* 219 (58 S. E. 218). Since it is the province of the jury to pass upon the facts of the case and the credibility of the witnesses, we can not say that they were not authorized to arrive at the conclusion set forth in their verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 10, 1930.

*H. Mercer Jordan, Hester & Lewis,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.