### .21066. Shore Acres Properties Inc. *v.* Morgan.

Bell, J. 1. In this suit by the payee upon notes given by the defendant for the purchase-money of real estate not located in the State of Georgia, it was permissible for the defendant to plead and prove as a defense that the transaction was one of several occurring in this State, in .which the plaintiff was dealing in such real estate without first having obtained a license to do so in the manner provided by the Georgia securities law of 1920, as amended by the act of 1922, the sale having been made in Georgia and the notes having also been executed in this State. Ga. L. 1920, p. 250; Ga. L. 1922, p. 156, §§ 12(24), 18(36) ; *McLamb* v. *Phillips*, 34 *Ga. App.* 210 (129 S. E. 570).

2. The provisions of sections 29 and 35 of the securities law, fixing a limitation period of twelve months upon the right to rescind such a transaction, will not prevent the purchaser from asserting a want of compliance with the statute, after the expiration of such period, where it is done merely to defeat the plaintiff's alleged right of recovery and thus by way of defense only, and not for the purpose of cancelling or rescinding the prohibited contract or to recover money or other thing of value paid or parted with by the purchaser in consideration thereof. *Tomberlin* v. *Waycross Hotel Co.*, 41 *Ga. App.* 77 (3 a) (152 S. E. 300), affirmed on certiorari in 173 *Ga.* 224 (160 S. E. 92). See also *Sugart* v. *Mays*, 54 *Ga.* 554; *Atlanta Savings Bank* v. *Spencer*, 107 *Ga.* 629 (6) (33 S. E. 878) ; *Lankford* v. *Peterson*, 21 *Ga. App.* 1 (3) (93 S. E. 499).

3. Where the notes given in such a transaction are outstanding and unpaid, the contract, so far as the notes are concerned, is still executory, so that a suit upon the notes may be defended upon the ground stated, notwithstanding a deed to the real estate may have been executed and delivered to the purchaser. Civil Code (1910), § 4217; *Watkins* v. *Nugen*, 118 *Ga.* 372, 374 (45 S. E. 262).

4. "The courts of this State will not enforce the laws of other States where their enforcement is contrary to the policy of this State as expressed by statute, as in this instance." *Sally* v. *Bank of Union,* 150 *Ga.* 281 (3) (103 S. E. 460); *Vanzant* v. *Arnold,* 31 *Ga.* 210 (3); *Dunn* v. *Welsh,* 62 *Ga.* 241 (2); *Ullman* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657); Civil Code (1910), § 9. It is therefore immaterial that the notes may have been payable in another State where the real estate was located.

5. Under the above rulings, the court properly overruled the motion to strike the defendant's allegations as to the plaintiff's want of compliance with the securities law; and the evidence having established this defense without dispute, there was no error in directing a verdict in favor of the defendant. Even if other rulings were erroneous, as contended, they did not affect the result, and were therefore not harmful to the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided September 30, 1931.

*George W. Wylie, Blalock & Blalock,* for plaintiff.
*Harry D. Reed, Parks & Garrett,* for defendant.