## 26690. BARNES *v.* THE STATE.

MACINTYRE, J. 1. Under the facts of this case, in order to rebut a defense based upon evidence, which was open to the defendant, the State could introduce other transactions of a similar character which would tend to show the true nature of the transaction in question and support the State's claim that the defendant, knowingly, had possessed, and controlled the intoxicating liquor on the occasion charged in the accusation. If the evidence is relevant to the issue on trial, and shows some logical connection, and reveals knowledge, design, or plan, it is not excluded because the act or transaction sought to be introduced in evidence happens to be punishable under our law as a crime. The true question is, not whether the other transactions were denominated crimes, but whether the evidence is relevant to the issue on trial. The judge

properly admitted the evidence. *Fitzgerald* v. *State*, 51 *Ga. App.* 636 (181 S. E. 186); *Phillips* v. *State*, 51 *Ga. App.* 675, 678 (181 S. E. 233); *Bass* v. *State*, 103 *Ga.* 227, 231 (29 S. E. 966); *Ealey* v. *State*, 40 *Ga. App.* 730 (151 S. E. 401); *Ealey* v. *State*, 40 *Ga. App.* 727 (151 S. E. 400); *Sayne* v. *State*, 45 *Ga. App.* 538 (165 S. E. 485); *Cook* v. *State*, 33 *Ga. App.* 571 (4) (127 S. E. 156).

2. "Applications for a new trial on the ground that the verdict is contrary to the evidence are addressed to a sound legal discretion to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere if there is any evidence which would justify the jury in reaching the conclusion set forth in the verdict. 'Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses.' *Rome Railroad Co.* v. *Barnett*, 94 *Ga.* 446 (5) (20 S. E. 355). 'The right of the jury to settle disputed issues of fact is supreme and exclusive.' *Charles* v. *Brooker*, 1 *Ga. App.* 219 (58 S. E. 218)." *Copeland* v. *State*, 41 *Ga. App.* 567 (153 S. E. 609). Applying these rules of law to the facts in this case, we can not say that the jury were not authorized to arrive at the conclusion set forth in their verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JANUARY 6, 1938.

*P. T. Hipp, Duke Davis,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.

