30770. A. A. A. HIGHWAY EXPRESS INC. *v.* HAGLER *et al.*

DECIDED JUNE 6, 1945.

*Curry & Curry,* for plaintiff in error.

*Roy V. Harris, Henry T. Chance Jr., J. Roy McCracken,* contra.

MACINTYRE, J. J. C. Hagler and T. W. Hagler, trading as Hagler Truck Company, brought an action of indebtedness against

A. A. A. Highway Express Inc. The action was based on an alleged oral contract entered into between the Haglers and A. A. A. Highway Express Inc., whereby the former were to haul for the latter certain freight by truck between certain named points and destinations. The Haglers claimed that A. A. A. Highway Express Inc. agreed to pay them 75% of the revenue derived from said trips, while the latter contended that the agreement was to pay them 15 cents a mile. The jury found for the plaintiffs and the defendant made a motion for a new trial. This motion was overruled and the defendant excepted.

■ In special ground 1 of the motion for new trial, error is assigned on the admission over objection of the following testimony of W. R. Dobson, a witness for the plaintiffs: "I own and operate the W. R. Dobson Jr. truck line from Augusta to Savannah. I operate the Reliable Transfer Company from Atlanta to Augusta and Savannah in Georgia and South Carolina. I was familiar with this movement of freight in November and December, 1942, from Arsenal to the Army Depot in Atlanta and other camps and depots through the South. I handled a lot of that freight at that time. I handled all I possibly could. It was an enormous movement that they wanted handled, and trucks were brought in from other States. From my standpoint, I called every party that I thought I could secure a leased truck from. As to what the customary proration of freight on that kind of a movement was between the person who hauled it and the person who permitted the use of his franchise for the purpose, it was a matter of trading; we traded to the best advantage. We had no set rule at all. It was customary for that type of movement for the person furnishing the trucks and drivers and labor and gasoline and oil, and operating a lease agreement with somebody who had a permit, to prorate the total amount of revenue according to verbal trade. There was no written contract we used; we had none at all. We had various trades. Some we traded on a 75-25 basis; some 78-22; and some 90-10. On the one for 90-10, we got the ten, and the one who furnished the trucks got ninety per cent." "Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case." *Sample* v. *Lipscomb,* 18 *Ga.* 687. "Where the competency of evidence is doubtful, it should go to the jury, that they may consider how far

its force is impaired by surrounding incidents." *Augusta Factory* v. *Barnes,* 72 *Ga.* 217 (5 a) (53 Am. R. 838); and the converse of this rule has been stated thus: "It is relevant to put in evidence any circumstances which tend to make the propositions at issue either more or less probable." *Todd* v. *German American Insurance Co.,* supra. "Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it and to aid the jury in arriving at the truth of the matter, should be admitted. . . The rule in this State is to admit evidence which is of doubtful relevancy." *Talbotton Railroad Co.* v. *Gibson,* 106 *Ga.* 229, 236 (32 S. E. 151); *Dalton* v. *Drake,* 75 *Ga.* 115; *Savannah, F. & W. Ry. Co.* v. *Flannagan,* 82 *Ga.* 579 (9 S. E. 471, 14 Am. St. R. 183).

The plaintiffs contended that the contract in question was to transport army supplies under wartime conditions in a stated region on a "split revenue" basis of 75% to the plaintiff, who did the actual hauling, and 25% to the defendant. The defendant contended that the plaintiffs were to receive a flat basis of 15 cents per mile for such transportation, and that he never contracted, under the conditions in question, except on a mileage basis. The evidence of custom here allowed over the objection that it was irrelevant, immaterial, and prejudicial was permissible to show that the contract in question was made under conditions similar to those customarily made in the same line of business by the class of persons to which the plaintiffs and the defendant belonged; and that the similarity of conditions prevailing as to the kind of contract customarily made in the transportation business in question were such that what was customarily done under similar circumstances by a person of their class in their line of business might be taken as a circumstance which tended to make the proposition at issue more probable. The evidence of custom (i. e., the habit of a body of persons) here in question was not subject to the objections urged.

■ In special ground 2 of the motion the defendant contends that the trial court erred in failing "to instruct the jury as to what constituted a contract, and that one of the essential elements of a contract is that there must be a meeting of the minds between contracting parties." In *Bank of Cumming* v. *Goolsby,* 34 *Ga. App.* 217 (129 S. E. 8), it was said: "Generally, in the absence

of a proper written request so to do, it is not cause for a new trial that the court, in charging the jury, failed to define or draw distinctions between technical terms, where the essential contentions and rules of law were given, and especially where the general meaning and effect of such terms are commonly understood. *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (2) (52 S. E. 898) ; *Holmes* v. *Clisby*, 121 *Ga.* 241 (7), 248 (48 S. E. 934, 104 Am. St. R. 103) ; *Zachary* v. *Zachary*, 141 *Ga.* 404 (81 S. E. 120) ; *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (3) (122 S. E. 75).'' See also *Poullain* v. *Poullain*, supra; *Smith* v. *Brinson*, 145 *Ga.* 407 (4) (89 S. E. 363). There was no proper and timely written request to so charge in the instant case, and the court's charge substantially covered the issue of the case; if more specific instructions were desired, a proper and timely written request should have been made. *Poullain* v. *Poullain*, supra.

■ "Applications for a new trial on the ground that the verdict is contrary to the evidence are addressed to a sound legal discretion to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere if there is any evidence which would justify the jury in reaching the conclusion set forth in the verdict. 'Relatively to the revising powers of this court, the jury are the exclusive judges of the credibility of witnesses.' *Rome Railroad Co.* v. *Barnett*, 94 *Ga.* 446 (5) (20 S. E. 355).'' *Copeland* v. *State*, 41 *Ga. App.* 567 (153 S. E. 609). Applying these rules of law to the facts in this case, we can not say that the jury were not authorized to arrive at the conclusion set forth in their verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*