33507.  GUY F. ATKINSON CO. *et al. v.* FIMIAN.
33508.  GUY F. ATKINSON CO. *et al. v.* MUSGRAVE.

Decided December 4, 1951.  Rehearing denied December 19, 1951.

202

*J. Ellis Mundy, U. S. Attorney, F. Douglas King, H. A. Stephens Jr., Assistant U. S. Attorneys,* for plaintiffs in error.

*Sutherland, Tuttle & Brennan,* contra.

WORRILL, J. (After stating the foregoing facts.) As we view the record in this case the trial court erred in sustaining the demurrers to the amendment adding paragraph 21 to the answer and in striking that portion of the anwser, and therefore all that transpired thereafter was nugatory. The plaintiffs contend that the ruling of the trial court sustaining the first demurrer to the original answer, and thus holding that the case was not subject to the statute of frauds, being unexcepted to by the defendant, constituted the law of the case unreversed and estops the defendant to contend that the case is within the statute of frauds.

In the state of the record we can not sustain this contention. The second demurrer specifically raised this very point in the second paragraph thereof, and the trial court expressly overruled this contention of the plaintiffs. The plaintiffs failed to except to that part of the judge's ruling which was adverse to them, and under the very theory they now seek to urge against the defendants they are barred from asserting that the adjudication of the trial court, in ruling on that part of the second demurrer was error, since no exception was taken thereto. Thus, no question is raised by the record as to whether the trial judge properly overruled ground (2) of the demurrer to paragraph 21 of the answer as amended, but the defendants have properly preserved their exceptions to so much of the order as sustained grounds (1) and (3) and struck paragraph 21. Ground (3) of the demurrer thus sustained was as follows: "Plaintiff demurs generally and specially to paragraph 21 of the defendants' answer, as amended, upon one ground that the facts alleged therein are not sufficient to support the conclusion that the law of the State of Washington is applicable to the rights of the parties herein with respect to the statute of frauds or to state any defense to plaintiff's action." This demurrer was filed by both plaintiffs. It brings us squarely to the question as to what law governs in cases like the one at bar. The defendants' answer alleged "That all of the acts performed under the contract alleged by plaintiff were performed in the State of Washington, and all of the acts not performed but to be performed thereunder were to be performed solely in the State of Washington."

While the cases on the subject are not without some apparent conflict, and while the general rule is that the lex loci contractus controls as to the validity, interpretation, and effect of contracts, the courts of this State have evolved what seems to be a well-defined exception to this rule. In *Vanzant, Jones & Co.* v. *Arnold, Hamilton & Johnson*, 31 *Ga.* 210 (3), it was held that, where the plaintiffs resided in New York, and the makers of certain notes in Georgia, and, where the notes were endorsed by the defendants to an agent of the plaintiffs in Tennessee and where the contract was to be performed in Georgia, the contract, as to its nature, validity, construction and obligation, was to be governed by the laws of Georgia, and not of Tennessee. In

*Dunn* v. *Welsh,* 62 *Ga.* 241 (2), it was held that "Contracts made in Georgia, to be performed in New York, are governed by the law of the latter State." This rule was again stated in *Hager* v. *National German-American Bank,* 105 *Ga.* 116, 119 (31 S. E. 141), in this language: "If a person having capacity to contract under the laws of the State of his domicile there executes a contract to be performed elsewhere, its validity and effect would generally be governed by the laws of the place where the contract was to be performed." In *Pratt* v. *Sloan,* 41 *Ga. App.* 150 (1) (152 S. E. 275), this court said: "Where a contract is made in one State to be performed in another, the laws of the latter State will govern as to the validity, nature, obligation, and construction of the contract, where they are duly pleaded and proved, and such laws will be enforced by comity in this State unless they are contrary to public policy or prejudicial to the interests of this State." See also *Gregg* v. *Fitzpatrick,* 54 *Ga. App.* 303 (2) (187 S. E. 730).

From these cases and others stating and applying the general rule first stated, it may be deduced that in Georgia the general rule is limited as follows: Even though the contract may be executed or entered into in Georgia, if from the context of the contract or if by its terms it is clear that it was the intention of the parties that performance was to be had in some other State, and that the fact of its being entered into in Georgia is merely incidental to the other factors in the contract, the validity, nature and obligation of the contract will be governed by the law of the State where the contract is to be performed.

This being the law, it is clear that the allegations of the plea and answer as amended were sufficient to support the conclusion drawn therefrom by the pleader that the rights of the parties were to be determined by the law of the State of Washington, and that the trial court erred in sustaining ground three of the plaintiffs' demurred to the amended answer. It follows, likewise, that the amendment demurrer to was material, relevant and stated a defense to the plaintiffs' action which should have been allowed and filed, and that the court for this reason also erred in sustaining the first ground of plaintiffs' demurrer to the amendment.

No question is raised by the record as to the manner or suffi-

ciency of the pleading of the Washington statute of frauds and of the applicable decisions, and no ruling in this regard is made here.

■ Ground four of the amended motion for a new trial complains of the trial court's refusal to admit in evidence a copy of a medical form which simply notified the plaintiffs that their employment was subject to final successful passage of their medical examination. So far as the record discloses there was no testimony about this document, and nothing to illustrate its relevancy. For this reason, the trial court did not err in refusing to admit it in evidence.

■ Ground 5 of the amended motion for a new trial complains because the court excluded evidence of a custom of the construction industry not to make definite contracts of employment with personnel such as the plaintiffs. In this ruling the trial court erred. The pleadings clearly raised the issue of contract or no contract. The parties were entitled to put in evidence every circumstance which tended to make the proposition either more or less probable. "Evidence of custom . . is permissible where . . there is such a similarity or unity of conditions that what was customarily done under similar circumstances in their line of business by persons of the class to which the plaintiff and the defendant belong may be taken as a circumstance which tends to make the proposition at issue more probable." *A. A. A. Highway Express* v. *Hagler,* 72 *Ga. App.* 519 (2) (34 S. E. 2d, 462). Under this ruling, the trial court should have admitted the testimony as to custom and it should have been allowed to go to the jury for their consideration as to its weight.

■ The 6th ground of the amended motion for a new trial complains because the trial court excluded from the consideration of the jury a portion of the answer given by a witness for the defendant in response to a question on cross-examination by counsel for the plaintiff. The question and answer were: "Q. You reasonably believed that there would be at least three years' work, did you not? A. Well, no. We had a sixty-day cancellation contract—clause in our contract, and at the time we started there was considerable war scare and we overpurchased and overstarted everything." Upon motion of plaintiffs' counsel all of the second sentence of the witness's answer was stricken. This

is complained of as error. "Upon an oral examination, a party asking a cross question and eliciting an unfavorable reply, which the other side could not have introduced, cannot have the legitimate answer to his own question ruled out." *Anderson* v. *Brown*, 72 *Ga.* 713 (8). "Where counsel on the cross-examination of a witness takes a chance by propounding a dangerous question, he will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to the question." *Scott* v. *State*, 57 *Ga. App.* 187 (1) (194 S. E. 844). The answer complained of here was directly responsive to the question asked. For this reason this ground of the motion is meritorious. See *Tift* v. *Jones*, 77 *Ga.* 181 (3) (3 S. E. 399); *Sims* v. *Sims*, 131 *Ga.* 262 (3) (62 S. E. 192); *Brown* v. *Wilson*, 55 *Ga. App.* 262 (2), 263 (189 S. E. 860).

■ Of the remaining six grounds of the amended motion for a new trial, grounds seven and ten appear to have been abandoned by the plaintiff in error, inasmuch as no argument directly relating to them is made, and ground 8 complaining of the exclusion of certain evidence, and grounds 9 and 12 (in the Musgrave case only) complaining of the refusal of requests to charge, and ground 11 complaining of a charge, as given, relate to matters which are not likely to recur upon another trial, in view of the ruling heretofore made in division one of this opinion, and are not considered.

For the reasons stated, the trial court erred in sustaining the demurrers to the amendment to the defendants' plea and answer and in overruling their motion for new trial.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgments reversed. Sutton, C. J., MacIntyre, P. J., and Gardner and Worrill, JJ., concur. Felton and Townsend, JJ., dissent.*

FELTON, J., dissenting. 1. The court did not err in striking paragraph 21 of the amended petition on demurrer. There is a conflict in the decisions of other States as to whether a statute of frauds requiring a contract to be in writing is a matter affecting the remedy or the validity of the contract. The Supreme Court of this State has unequivocally determined that such a statute relates to remedy and not substance. *Obear* v. *First National*

*Bank,* 97 *Ga.* 587 (25 S. E. 335). See 105 A.L.R. 652; 161 A.L.R. 814, 820. The foregoing Supreme Court decision is controlling in this case. If the majority view is based on the assumption that the Washington statute renders a contract not made in compliance therewith *absolutely void* rather than merely *voidable,* there is no Washington law pleaded to that effect, and in the absence of such pleaded foreign law, the presumption is that the Washington courts would treat the word *void as* meaning *voidable* at the party's option as I think the Georgia courts would treat it.

■ Assuming for the sake of argument that the statute of frauds contains substantive rather than remedial provisions, the rule of comity, Code § 102-110, does not require enforcement of a law of another State which is contrary to the public policy of this State as expressed by statute. *Shore Acres Properties* v. *Morgan,* 44 *Ga. App.* 128 (160 S. E. 705) ; *Sally* v. *Bank of Union,* 25 *Ga. App.* 509 (103 S. E. 798) ; s.c., 150 Ga. 281 (103 S. E. 460) ; *Ulman, Magill & Jordan Woolen Co.* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657) ; *Kent* v. *Hair,* 60 *Ga. App.* 652 (4 S. E. 2d, 703) ; Code, § 20-402 (3). In my opinion the public policy of this State on this question is that if a statute of frauds is to be applied by the courts of this State, it will not be applied without permitting the application of the exceptions stated in Code § 20-402 which follow the very broadest and highest equitable principles.

■ Even if the statute of frauds is treated as substantive rather than procedural, "the law of the place of contracting determines the formalities required for making a contract." Restatement, Conflict of Laws, § 334; 105 A.L.R. 672.

■ It was not error under the facts of this case to exclude the testimony that contracts of employment for a definite period of time were not customary in the construction business in the case of supervisory employees, for several reasons. There was direct evidence of such a contract, and proof of a custom alone could not impeach it. Second, the custom was not proved to be universal, and construction business and supervisory employees were not defined.

■ Even if the exclusion of the testimony mentioned in ground six was technically error, it illustrated no point and the exclusion

was harmless. However, I do not think that the answer stricken was responsive to the question asked.

■ Inasmuch as the majority do not rule on the other questions involved, it will serve no useful purpose for me to express my views thereon in detail. I think the other assignments of error are without merit and the judgments should be affirmed.

I am authorized to state that Judge Townsend concurs in this dissent.