### 43428. PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SEAGRAVES.

ARGUED FEBRUARY 6, 1968—DECIDED MARCH 8, 1968—REHEARING DENIED MARCH 27, 1968—CERT.

*Erwin, Birchmore & Epting, Eugene A. Epting, King & Spalding, Kirk McAlpin, John D. Hopkins,* for appellant.

*Rupert A. Brown, Hudson & Stula, Jim Hudson,* for appellee.

HALL, Judge. 1. The insurer contends that Ga. L. 1966, pp. 609, 660, as amended (*Code Ann.* § 81A-156 (e)) changes the rule respecting the proof required to defeat a motion for summary judgment when evidence submitted therewith has pierced the pleadings. We disagree. It is merely a statutory amendment to reflect what has already been decided judicially as to the opposing evidence required. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193). See 6 Moore's Federal Practice (2d Ed.) 2021, § 56.01 [14].

2. The insured enumerates as error the admission in evidence and consideration by the court of the affidavits of the wife and son of the insured that "he was not an alcoholic" and "was never treated for alcoholism," contending that such evidence is a mere unfounded conclusion of a lay witness and not admissible. The plaintiff contends that the insurer's evidence on this subject is medical opinion and, as such, even if not contradicted, is not conclusive on an issue of fact and not sufficient to authorize a summary judgment. Irrespective of the competency of the lay witnesses to testify that "he was not an alcoholic" and of the wife's statements in her deposition showing her lack of knowledge of the insured's hospitalization and treatment, we consider the son's statement that the insured was never treated for alco-

holism and the physician's statement that the insured was treated for alcoholism not to be their opinions or conclusions as to the insured's mental health or physical condition but to be contradictory statements of fact. Even if we should consider the son's statement that the insured was never treated for alcoholism as a conclusion, his affidavit stated facts upon which the statement was based—that the son had known the insured for a period of years and that the insured drank socially but would go for months without taking a drink—and was therefore admissible. *Hardin v. Rubin,* 169 Ga. 608 (151 SE 31); *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (60 SE 297); *Chapman v. Radcliffe,* 44 Ga. App. 649, 650 (162 SE 651); *Pollard v. Gorman,* 52 Ga. App. 127, 132 (182 SE 678); *Loomis v. State,* 78 Ga. App. 153, 159 (51 SE2d 13); *Fountain v. Smith,* 103 Ga. App. 192, 195 (118 SE2d 852); *General Gas Corp. v. Whitner,* 110 Ga. App. 878, 880 (140 SE2d 227).

The evidence presented showed a genuine issue whether the insured made a misrepresentation when he answered "no" to the question whether he had ever been treated for alcoholism.

This leaves the question whether the insured's failure to reveal on his application his hospitalization and treatment for a "penetrating gunshot wound left chest" was a material misrepresentation. The plaintiff does not dispute the fact of this hospitalization and treatment. The evidence submitted on summary judgment includes affidavits of the insurer's medical director responsible for the medical aspects of the underwriting of life insurance, including approval or rejection of applications and evaluation of risks, and of an officer of another life insurance company. Both affiants stated that any prudent insurer generally would have refused to issue the policy in question if it had had knowledge of facts such as those which the insured failed to disclose in his application.

The Supreme Court has held that testimony by an officer of the insurer, that if the company had known certain facts it would have rejected the insurance contract, is a conclusion and is inadmissible. *Patterson v. Cotton States Mut. Ins. Co.,* 221 Ga. 878, 881 (148 SE2d 320); cf. *General Assur. Corp. v. Roberts,* 92 Ga. App. 834, 838 (90 SE2d 70). However, such evi-

dence is distinguished from the facts in this case contained in affidavits of insurance experts concerning the practice or usage of insurance companies generally in charging a higher premium, or in rejecting risks, when made aware of a fact claimed to be material. See *Todd v. German American Ins. Co.,* 2 Ga. App. 789, 803 (59 SE 94); *Guy F. Atkinson Co. v. Fimian,* 85 Ga. App. 200, 205 (68 SE2d 236); VII Wigmore On Evidence 57, 62 §§ 1946, 1947; Anno. 115 ALR 100, 104. General practice or custom in the insurance business has some relevance and probative value as circumstantial evidence on the issue of the materiality of the insured's failure to disclose on his application his hospitalization for a gunshot wound, but it is not evidence demanding a finding that the non-disclosure was material to the acceptance of the risk or to the hazard assumed by the insurer in this particular case. II Wigmore on Evidence 304, 316, §§ 375, 379. There were no facts in evidence concerning the seriousness or extent of the gunshot wound, its effect on the insured's health, or the circumstances under which it was inflicted. Failure to disclose a minor gunshot wound which resulted in no lasting injury or disability would not as a matter of law be a material misrepresentation. The evidence presented only shows that in general experience insurers do not issue a policy when the applicant's recent medical history reveals treatment for a gunshot wound. Moreover, a general custom is not always followed without exception. This evidence alone would not demand a finding as a matter of law that the insured's failure to state the fact of his hospitalization and treatment for a gunshot wound in his chest was a misrepresentation preventing a recovery and a summary judgment based thereon. It did not establish the lack of a genuine issue of fact and the right to a judgment as a matter of law. *Gilham v. National Life &c. Ins. Co.,* 104 Ga. App. 459 (122 SE2d 164); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Colonial Stores v. Turner,* 117 Ga. App. 331.

The trial court did not err in admitting the opposing affidavits presented by the plaintiff and in overruling the defendant's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*