44303.   ASHLEY v. STANDARD OIL COMPANY et al.

SUBMITTED MARCH 5, 1969—DECIDED JUNE 12, 1969.

*Cook, Pleger & Boulogne, J. Vincent Cook,* for appellant.
*Neely, Freeman & Hawkins, Joe C. Freeman, Jr.,* for appellees.

HALL, Judge.   The individual defendant, upon whose alleged negligence the suit was based, was not present at the trial.   The plaintiff contends that the court erroneously and prejudicially permitted a witness to testify concerning the defendant's paralyzed condition, erred in denying the plaintiff's motion for mistrial based on this testimony, and erred in denying an earlier motion for mistrial on the ground that the explanation of defendant's counsel in opening argument to the jury that the defendant had a stroke and was paralyzed and was unable to attend trial was irrelevant to the issue of the case and was prejudicial.

After the plaintiff presented evidence and rested, the defendant

proposed to read parts of the deposition of the defendant. The defendant's counsel stated that the defendant had had a stroke and was not physically able to testify at the trial. The plaintiff moved for a mistrial on the ground "he is trying to build up sympathy in the minds of the jurors. There is no medical evidence here as to that fact." After colloquy between court and counsel parts of the defendant's deposition were read. Then the court permitted a witness to testify to the effect that the plaintiff had had a stroke since his deposition was taken, and the witness had seen the defendant since that time and he was in a paralyzed and disabled condition. The plaintiff objected to this testimony on the ground that the witness was not a medical expert and did not state sufficient facts that he had observed upon which he based his opinion of the defendant's condition, and that it was irrelevant and prejudicial as an attempt to instill sympathy in the minds of the jurors.

The plaintiff concedes that it is generally acceptable when a party is not present at the trial to allow counsel to explain the reason for his absence.

A witness, even though not a medical expert, may give testimony based on his observations as to a person's appearance and symptoms. *General Gas Corp. v. Whitner,* 110 Ga. App. 878, 880 (140 SE2d 227); *Prudential Ins. Co. v. Seagraves,* 117 Ga. App. 480, 482 (160 SE2d 912). Assuming that evidence of the defendant's condition would arouse sympathy for the defendant, there was a proper reason for presenting this evidence—to show the reason for the defendant's absence and the reason for presenting the defendant's testimony by deposition rather than in person. Under the circumstances, it does not appear that the grant of a mistrial was essential to the preservation of the right to a fair trial, or that the trial judge abused his discretion in denying a mistrial or failed in the duty imposed upon him by law (*Code* § 81-1009) to prevent remarks concerning prejudicial matters not in evidence. *McFarlin v. State,* 95 Ga. App. 425, 428 (98 SE2d 99); *Fievet v. Curl,* 96 Ga. App. 535, 537 (101 SE2d 181). Cf. *Atlanta Stove Works v. Hollon,* 112 Ga. App. 862, 872 (146 SE2d 358).

The trial court did not err in admitting the testimony objected to and in denying the plaintiff's motions for mistrial.

*Judgment affirmed.   Jordan, P. J., and Whitman, J., concur.*