WATKINS COMPANY *v.* SEAWRIGHT *et al.*

No. 6900.   JULY 10, 1929.

*Watkins, Asbill & Watkins, W. B. Hollingsworth,* and *T. Glenn Dorough,* for plaintiff.

*J. W. Culpepper,* for defendants.

HILL, J. ■ The provision of the Civil Code (1910), § 3546, giving a surety the right by written notice to require his creditor to proceed to collect the debt out of the principal, and declaring that if the creditor, after receiving such notice, fails to bring suit against the principal within three months thereof (the principal being within the jurisdiction of the State), the surety shall be discharged, is applicable in a case where the contract sued upon is not a Georgia contract, but a Minnesota contract. *Sally* v. *Bank of Union,* 150 *Ga.* 281 (2) (103 S. E. 460); s. c. 25 *Ga. App.* 509.

■ The defendant sureties were not discharged because of the creditor's failure to bring another suit against the principal within three months after the notice given him by the sureties, under the facts stated in the second question propounded by the Court of Appeals. It appears from the question that the creditor had already pending, prior to the receipt of the notice to sue, a suit against the principal, and mere failure to secure service as evidenced by the return of the sheriff would not be ground for the abatement of this action. Where a creditor brings suit against the sureties on a contract, and the sureties give the statutory notice to the creditor to proceed to collect the debt out of the principal, and where upon the trial the creditor admits his failure to sue the principal within three months after receiving such notice, but shows that he did file suit against the principal in the county of the residence of the principal after the debt was due, but before he received the notice from the sureties, and before he brought suit against them, and that the sheriff of Fulton County (the county of the residence of the principal) made an entry on the petition that the principal was not to be found in Fulton County, the filing

of another suit was unnecessary, as the law never requires the doing of a vain thing.	*All the Justices concur.*

ATKINSON and GILBERT, JJ., concur in the result.