19121. WATKINS COMPANY *v.* SEAWRIGHT *et al.*

Decided August 26, 1929.

*Watkins, Asbill & Watkins, W. B. Hollingsworth, T. G. Dorough,* for plaintiff.

*Culpepper & Murphy,* for defendants.

Broyles, C. J. ■ "The provision of the Civil Code (1910), § 3546, giving a surety the right by written notice to require his creditor to proceed to collect the debt out of the principal, and declaring that if the creditor, after receiving such notice, fails to bring suit against the principal within three months thereof (the principal being within the jurisdiction of the State), the surety shall be discharged, is applicable in a case where the contract sued upon is not a Georgia contract, but a Minnesota contract. *Sally* v. *Bank of Union,* 150 *Ga.* 281 (2) (103 S. E. 460) ; s. c. 25 *Ga. App.* 509 (103 S. E. 798)." *Watkins Co.* v. *Seawright,* 168 *Ga.* 750 (149 S. E. 45).

■ "The defendant sureties were not discharged because of the creditor's failure to bring another suit against the principal within three months after the notice given him by the sureties, under the facts stated in the second question propounded by the Court of Appeals. It appears from the question that the creditor had already pending, prior to the receipt of the notice to sue, a suit against the principal, and mere failure to secure service as evidenced by the return of the sheriff would not be ground for the abatement of this action. Where a creditor brings suit against the sureties on a contract, and the sureties give the statutory notice to the creditor to proceed to collect the debt out of the principal, and where upon the trial the creditor admits his failure to sue the principal within three months after receiving such notice, but shows that he did file suit against the principal in the county of the residence of the principal after the debt was due, but before he received the notice from the sureties, and before he brought suit against them, and that the sheriff of Fulton county (the county of the residence of the principal) made an entry on the petition that the principal was not to be found in Fulton county, the filing of another suit was unnecessary, as the law never requires the doing of a vain thing."

■ The plaintiff, in the first paragraph of its petition, alleged that it was "a corporation duly organized and existing, pursuant to the laws of the State of Minnesota, with its office and principal place of business in the City of Winona in said State, and with power under its charter to contract and be contracted with, to sue and be sued, in its corporate name and capacity, to wit: The J. R. Watkins Company." In the defendants' plea the only reference to that paragraph of the petition was as follows: "Defendants deny paragraph one as alleged." That denial was insufficient to make an issue as to the incorporation of the plaintiff company. "The existence of a corporation can only be denied by a plea of nul tiel corporation." *Wilson* v. *Sprague Machine Co.,* 55 *Ga.* 672-3; *Bass* v. *African &c. Church,* 155 *Ga.* 57 (9) (116 S. E. 816).

■ Where there is a conflict between a special ground of a motion for a new trial and the brief of the evidence, the latter will prevail. See, in this connection, *Harris* v. *Vallee,* 29 *Ga. App.* 769 (9) (116 S. E. 642). *Grooms* v. *Grooms,* 141 *Ga.* 478 (3) (81

S. E. 210) ; *James* v. *Cooledge,* 129 *Ga.* 860 (4) (60 S. E. 182) ; *Georgian Co.* v. *Kinney,* 19 *Ga. App.* 732 (3) (92 S. E. 31). In the instant case there is a conflict between a ground of the motion for a new trial and the brief of the evidence as to who made the entry on the plaintiff's petition (when it filed suit against the principal in Fulton County) that the principal debtor could not be found. The ground of the motion shows that the entry was made by "W. T. Tumlinson," while the brief of evidence shows the following : "Plaintiff introduced original suit with entry thereon, filed in the Municipal Court of the City of Atlanta, to show that the plaintiff had used diligence [in] bringing action against the principal; portions of said suit introduced being as follows :

"J. R. Watkins Company, Winona, Minnesota. v. C. L. Garrison, J. E. Adams, 31 Central Ave.  { N. 144723 Municipal Court of Atlanta. Filed in office this 5th day of February, 1924. C. C. Semogy, Deputy Clerk.

"Defendant, C. L. Garrison, not to be found in Fulton county. W. J. Lowery, Sheriff."

Under the above-stated ruling this court must hold that the true entry is the one shown by the brief of the evidence. This is so notwithstanding that this court will take judicial cognizance of the fact that the name of the sheriff of Fulton county is J. I. Lowry, and not "W. J. Lowery." The documentary evidence showing the sheriff's entry was admitted without objection, and the brief of the evidence was approved by counsel for both parties and by the court. Furthermore, the names "Lowery" and "Lowry" are idem sonans, and in such a case the only issue is identity of person, not of name. *Lovett* v. *State,* 9 *Ga. App.* 232 (70 S. E. 989), and cit. Nor is our ruling affected by the fact that the initials of sheriff Lowry as given in the transcript of the record are not his true initials. The only question is, was the entry made by the sheriff of Fulton county? It is far more reasonable to conclude that in transcribing the record an error was made in the sheriff's initials than to assume that some person other than the sheriff made the entry and falsely and criminally signed his name thereto as sheriff. Nor can this court hold as a matter of law that service by the sheriff of

Fulton county of process issuing from the municipal court of Atlanta is void process.

■ The first and second divisions of this opinion are the answer of the Supreme Court to certain questions certified by this court. 168 *Ga.* 750 (supra). Under the rulings thereof and the further rulings stated above, the verdict directed by the trial court was contrary to law and the evidence, and the refusal to grant a new trial was error.

*Judgment reversed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. The 1st special ground of the motion for a new trial is in part as follows: "'Movants tendered in evidence duly authenticated copy of a suit filed in the Municipal Court of Atlanta (Fulton Section) on Feby. 5, 1924, against C. L. Garrison, principal, E. C. Seawright and J. G. Adams, sureties, upon the same contract herein sued upon, and upon which the following entry was made by the serving officer of said court, to wit: 'Georgia, Fulton County. Diligent search made and the defendant C. L. Garrison not to be found in City of Atlanta. This Feby. 16th, 1924. W. T. Tumlinson.'" Upon motion the court excluded this evidence, and the plaintiff in error alleges that such ruling was error. Assuming that everything contained in the ground is correctly stated (because this court has repeatedly held that it will not look to other portions of the record in order to facilitate the comprehension of a ground of a motion for a new trial), we are, in my opinion, compelled to hold that the ground is without merit, because the official character of W. T. Tumlinson is not shown, nor is it shown that he had any office or had any right to make the entry in question, and the entry, therefore, is as if none had been made.

If, however, we should go beyond the ground of the motion and look to other portions of the record, and we find in the evidence the following: "'Defendant C. L. Garrison not to be found in Fulton County. W. J. Lowery, Sheriff," there is still no ·legal entry, because W. J. Lowery is not and was not at that time sheriff of Fulton County. This court "is bound to take notice of who are the public officers of this State, where the law requires such officers to be commissioned by the Governor." *Abrams* v. *State*, 121 *Ga.* 170 (48 S. E. 965), and sheriffs are so commissioned. Civil Code, § 263. Under this rule we must take judicial notice that James I.

Lowry is, and at the time of such entry was, sheriff of Fulton county. However, I have been unable to find any statute or decision under which we should take judicial notice that "W. J. Lowery" and James I. Lowry are one and the same person. Even if we assume that "Low-ery" and "Low-ry" are idem sonans, we certainly can not assume that "W. J." and "James I" are idem sonans, or that "W. J." and "J. I." are idem sonans. While we might have been authorized to sustain the one on account of the idem sonans principle, yet where both the name and the initials are wrong I do not think that we can go so far as to say as a matter of law that they were intended to be something that they are not. In my opinion such a holding would be without authority, and would unduly encourage laxity in pleading. I am therefore of the opinion that whether the entry was made by W. T. Tumlinson, whose official character is not shown and who is not shown to have any right to make the entry, or whether it was made by "W. J. Lowery" as sheriff, when in fact such a person was not sheriff, the entry is as if none had been made, and the evidence was therefore properly excluded. Whether or not the court based its rulings on this ground is immaterial if the ruling was correct. With this evidence excluded, the plaintiff's case must fall, because the filing of suit against the principal is essential under the circumstances of this case. Furthermore, while I fully agree that the law as laid down by the Supreme Court in paragraph 2 of the foregoing decision is sound, I do not agree that the ruling therein is controlling in this case, because such ruling is in answer to a question propounded by this court, which question, in my opinion, is inadvertently erroneously stated, and is not justified by the record in the case. The question propounded by this court assumes that "the sheriff of Fulton county" made the entry hereinbefore referred to, and assumes that suit of the plaintiff was pending against the principal debtor, and asks if the sureties will be discharged because of the creditor's failure to bring "another suit against the principal." In neither of these conclusions do I agree with a majority of the court. As above stated, the record does not show that the plaintiff's petition was served by any officer authorized to serve it, or that the entry of non est inventus was made by any such officer; and if no such service is made, "the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually

pending." *McFarland* v. *McFarland*, 151 *Ga.* 10 (2) (105 S. E. 596). See also *McLendon* v. *Ward-Truitt Co.*, 19 *Ga. App.* 495 (91 S. E. 1000). In the ruling of the Supreme Court there is nothing that holds that the entry in question was valid or that there was a suit pending against the principal debtor. On the contrary, the Supreme Court makes it plain that it is answering the question as propounded by this court, and that its ruling is "under the facts stated in the second question propounded by the Court of Appeals." It was over fifteen months from the time of the entry of non est inventus to the time of the giving of the notice to sue by the sureties. The principal might have lived elsewhere at the time of the entry of non est inventus, but lived in Fulton county at the time of the giving of the notice by the sureties.

In my opinion the judgment of the trial court should be affirmed.