26036. GARMAN *v.* CITY OF ATLANTA *et al.*

DECIDED APRIL 9, 1937.

684

*Norman I. Miller, Roy C. Leathers,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand, J. Howell Green,* for defendants.

GUERRY, J. By this writ of error exception is taken to a judgment sustaining a plea of res judicata to the plaintiff's action. The judgment recited: "Whereupon it is considered, ordered, and adjudged by the court that the plea of res adjudicata be and the same is sustained." It nowhere appears in the bill of exceptions that a final judgment was taken. Under the rulings of the Supreme Court in *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292), and *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592), this was not such a final judgment as will support a direct bill of exceptions, as contemplated by the Code, § 6-701. Therefore the writ of error must be dismissed. Leave is granted to the plaintiff to treat as exceptions pendente lite the official copy of the bill of exceptions filed in the court below.

*Writ of error dismissed, with direction. MacIntyre, J., concurs.*

BROYLES, C. J., concurring specially. The question whether the sustaining of a plea of res judicata is a "final" judgment is neither an open nor a doubtful one. Since the decision of the Supreme Court in *English* v. *Rosenkrantz,* 150 *Ga.* 745 (supra), rendered in 1920 (seventeen years ago), it has been known that the sustaining of such a plea is not a final judgment. And the rule is that "when in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite." *Burkhalter* v. *Roach,* 145 *Ga.* 834 (4) (90 S. E. 52)), and cit. I concur in the judgment of dismissal, but not in the other ruling of my colleagues.