## 31748. W. T. RAWLEIGH COMPANY *v.* FORBES.

DECIDED OCTOBER 8, 1947. REHEARING DENIED NOVEMBER 4, 1947.

*William T. Revell*, for plaintiff.

*W. E. Heath, M. C. Barwick*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) Code, § 6-701 provides as follows: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision

or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto; but, at any stage of the cause, either party may file his exception to any decision, sentence, or decree of the superior or city court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by writ of error to the Supreme Court or Court of Appeals by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it shall be manifest that such erroneous decision of the court has or may have affected the final result of the case."

Although the order of the trial court directing a verdict in favor of the plea of the defendant, T. W. Forbes, had the effect of placing said defendant in position to procure the judgment of the court dismissing the case as to him, such judgment has not been so taken, and the verdict of the jury in favor of his plea is not such final judgment as results in the termination of the case. See *Colonial Stages South Inc.* v. *Levy,* 46 *Ga. App.* 53 (166 S. E. 442) ; *Garman* v. *Atlanta,* 55 *Ga. App.* 683 (191 S. E. 164) ; *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292) ; *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592) ; *Drake* v. *Drake,* 181 *Ga.* 844 (184 S. E. 699) ; *Loveless* v. *McCollum,* 189 *Ga.* 219 (supra) ; *Harris* v. *Stowers,* 192 *Ga.* 215 (15 S. E. 2d, 193).

The bill of exceptions having been prematurely brought to this court it is dismissed. However, under the authority of *Johnson* v. *Henry,* 178 *Ga.* 542 (174 S. E. 140) ; *Brock* v. *Tallapoosa,* 19 *Ga. App.* 793 (92 S. E. 289) ; *Crider* v. *Harris,* supra; *Garman* v. *Atlanta,* supra; *Loveless* v. *McCollum,* supra, leave is granted to the plaintiff in error to treat the official copy of the bill of exceptions filed in the office of the clerk of the trial court as exceptions pendente lite.

*Dismissed.* *MacIntyre, P. J., and Gardner, J., concur.*