### 32000. W. T. RAWLEIGH COMPANY v. FORBES.

GARDNER, J. (a) When the branch of this case involved in the bill of exceptions in the instant case was before this court, the court divided three to three as to the sufficiency of the bill of exceptions. The case automatically, under the authority of Code (Ann. Supp.), § 2-3708 went to the Supreme Court. The Supreme Court thereafter rendered a decision to the effect that the bill of exceptions was sufficient. 202 *Ga.* 425 (43 S. E. 2d, 642). This court then (*W. T. Rawleigh Company* v. *Forbes,* 76 *Ga. App.* 118) again assumed jurisdiction of the case under direction of the Supreme Court. This court, on October 8, 1947, held, materially, that: "Although the order of the trial court directing a verdict in favor of the plea of the defendant, T. W. Forbes, had the effect of placing said defendant in position to procure the judgment of the court dismissing the case as to him, such judgment has not been so taken, and the verdict of the jury in favor of his plea is not such final judgment as results in the termination of the case. . . The bill of exceptions in the cause being prematurely brought to this court, same is dismissed." A motion for rehearing was made by the W. T. Rawleigh Company. This motion for rehearing was denied, but this court, on November 4, 1947, on said motion for rehearing, directed that the "bill of exceptions [in *W. T. Rawleigh Company* v. *Forbes,* [Case No. 31571] operates as exceptions pendente lite." The W. T. Rawleigh Company then made application to the Supreme Court for certiorari. This was denied. It will thus be seen that this court did not consider or pass on any question on which error was assigned in the bill of exceptions, but permitted the plaintiff, the W. T. Rawleigh Company, to preserve those assignments of error by treating the bill of exceptions in that

case as exceptions pendente lite. Then it was that the case was called again for trial in the City Court of Louisville, the court of original jurisdiction. The instant case then came on for a second trial in the City Court of Louisville before the judge sitting and acting as both judge and jury. In such capacity the judge, on February 9, 1948, rendered the following verdict and judgment: "It appearing to the court, sitting as judge and jury by consent of both parties, that a plea of release having been previously filed by the defendant and the court having directed a verdict thereon, in favor of the defendant and entered a judgment sustaining the plea, to which verdict and judgment a bill of exceptions was filed to the Court of Appeals, which court dismissed said bill of exceptions as having been prematurely filed because no judgment had been taken dismissing the main case. Now, therefore, the defendant having tendered said verdict and judgment as a defense to the main case and after hearing evidence herein, this court now sustains the defense, and judgment is hereby rendered in favor of the defendant, and the main case is hereby dismissed." It is on this judgment that error is assigned in the bill of exceptions in the present case.

(b) The present bill of exceptions specifically states that the direct bill of exceptions filed in this court originally (and which was by judgment of this court permitted to operate as exceptions pendente lite in the trial·court) under case number 31571, redocketed as case number 31748, *W. T. Rawleigh Company* v. *Forbes,* is not made a part of the record in this case for the reasons that it appears of file in the trial court and in the former cases in this court. No sufficient assignments of error are made in the instant case on such exceptions pendente lite as to enable this court to pass upon the same for the reason that the exceptions pendente lite nowhere appear as a part of the record in the instant case. Therefore the alleged assignments of error have no foundational basis to support them. The plaintiff seemed to treat this case as a part of the original case which was before this court, and seeks to assign error in this case upon alleged errors specified in the former original case, without setting forth in this record any basis for them, but refers this court to the original bill of exceptions filed in this case when it was here before both in this court and in the Supreme Court as though those previous cases and the instant case each go to make up the component parts of the whole, both as to the original records and the briefs and arguments presented in all of the cases growing out of this prolific source of litigation. We do not understand that it is incumbent upon this court to corral all the records in various cases as well as briefs of counsel thereon in order to determine the questions presented. Each case, as we understand it, must stand upon its own record. As analogous, we might here state that even in an amended motion for a new trial in any case, each ground must be complete within itself.

(c) It appears from the bill of exceptions in the instant case that it is not unqualified. It would seem that the plaintiff prepared the bill of exceptions and before presenting the same to the judge, a copy was served on the defendant. In a statement of the facts, the bill of exceptions as prepared by the plaintiff states that on motion of the de-

622

fendant's counsel, in the court's judgment of February 9, 1948, "and the main case is hereby dismissed" was inserted in the said original judgment at the instance of counsel for the defendant Forbes. Counsel for the defendant filed a written protest that such was an incorrect statement of the facts; that the phrase "and the main case is hereby dismissed" was inserted in the said original judgment at the instance of counsel for the plaintiff. The trial court signed the original bill of exceptions to the effect that the defendant procured the main case to be dismissed and at the same time and simultaneously therewith signed as a part of the bill of exceptions the statement that the said words were added at the instance of counsel for the plaintiff in error. The record seems to bear out the statement that the plaintiff in error at the instance of his counsel, had the main case dismissed. This being true, the plaintiff in error can not assign error on the ground that the court dismissed his main case. Thus it appears that the plaintiff in error at its own instance dismissed its main case. There does not appear in the record any evidence at all as to whether the defendant Forbes was indebted to the plaintiff as alleged in the main case.

All the other questions sought to be raised in the bill of exceptions were involved in and directly based upon the exceptions pendente lite, which, as we have hereinbefore observed, are not sufficiently made the basis upon which a decision of this court can be made.

It would seem that after the judgment of the court had been rendered releasing the defendant, and judgment had been rendered to this effect, the proper procedure was for the plaintiff to make out, by evidence, if he could, the allegation that the defendant was indebted to him. But, having failed to do this, and having dismissed his own case without doing this, there is nothing presented for this court to decide. Particularly is this true since the previous preliminary ruling with reference to the question as to whether the defendant Forbes as surety had been released, were not properly made by proper assignments of error on the exceptions pendente lite. This court could perhaps properly dismiss the bill of exceptions in the instant case, since the main case has been dismissed by the plaintiff, the W. T. Rawleigh Company, but rather, we think, it is also proper for this court, without dismissing the bill of exceptions in the instant case, for the reasons already mentioned and others which do occur in this record, to affirm the judgment of the court below.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JULY 16, 1948. REHEARING DENIED JULY 29, 1948.

*W. T. Revell,* for plaintiff in error.
*W. E. Heath, M. C. Barwick,* for defendant.