33412. W. T. RAWLEIGH CO. *v.* OVERSTREET, *et al.*

Decided April 20, 1951. Rehearing denied May 17, 1951.

24

*William T. Revell,* for plaintiff in error.

*M. C. Barwick, Frank Hardeman,* contra.

GARDNER, J. ■ The defendants moved to dismiss the bill of exceptions in this court. Under the facts of this case, we may concede that the bill of exceptions is not subject to dismissal for the reasons assigned, since the whole matter was still within the breast of the court, passing upon the law and facts without the intervention of a jury. The plaintiff is complaining of the finding by the court in favor of the defendants that they are not liable, having been released by the failure of the plaintiff to sue. This contention is determined against the plaintiff. The bill of exceptions is not dismissed because there was no sufficient assignment of error to enable this court to pass upon the merits of the case. This is so, it is contended by the defendants, because the evidence being referred to in the bill

of exceptions, being documents, depositions and oral testimony, is not made a part of the bill of exceptions. In the view which we take of this case, this is not material.

■ The evidence authorized a finding by the court, as judge and jury, in favor of the defendants. The court was, by consent, sitting as both judge and jury, and as the court's finding is based upon evidence, legally before it, it cannot be said that the same was error as a matter of law. The evidence did not demand a finding in favor of the plaintiff of the full amount for · which suit was brought. This court did not hold in *W. T. Rawleigh Co.* v. *Overstreet*, 71 *Ga. App.* 783 (supra), that the evidence demanded a finding in favor of the plaintiff creditor, but this court simply ruled that the evidence was sufficient to carry the case to the jury for their determination. The burden was on the plaintiff to prove the account sued on, and while the evidence authorized a finding in favor of the account, it did not demand the same.

It appeared from the defendants' amendment and the evidence in support thereof that the plaintiff was notified in writing to sue Williams, the principal debtor, in Chatham County, Georgia, where he resided, and that it had not .done so within the three months required. The notice was in sufficient compliance with the provisions of Code § 103-205 which provides that "Any surety . . at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor . . to proceed to collect the same from the principal . . and if the creditor . . refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State) the . . surety giving the notice . . shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county in which the principal resides." There was no suit in the county of the principal debtor's residence, to which these sureties were parties, where the sheriff made an entry that the principal debtor was not to be found therein. *Watkins Co.* v. *Seawright*, 40 *Ga. App.* 314 (149 S. E. 389). In such a case there would have been no necessity for the filing of a suit in response to the notice. There was evidence to the effect that Williams resided in Chatham County.

The suit sought to be served on Williams by the plaintiff in Chatham County was brought against Williams as principal and Cato and Forbes as sureties, and was brought on the second (1931) contract. The present defendants were not parties thereto nor to the contract on which the suit was based. The defendants were not liable on this contract. Such a suit was not sufficient as meeting the requirements of said Code § 103-205. A suit by the plaintiff against Williams and Forbes on the second contract was not adequate, under the provisions of said Code section, where the liability of the defendants was predicated on the first contract between the plaintiff and Williams, the one on which these defendants were the sureties. The fact that the sureties in the second contract agreed therein to be liable 'for all past indebtedness of Williams to the plaintiff company 'does not alter the above rule. What we hold is, that a suit by the plaintiff against the principal debtor on an obligation for which these defendants were not liable will not suffice under this Code section. It will be noted that the Code section refers to the obligation on which the sureties sought to be held liable became obligated to pay the creditor.

The suit against Williams and these defendants on the first contract, wherein Williams was alleged to be a resident of Richmond County, this State, which suit the defendants failed to pursue against Williams, and it appearing that Williams was never served therein, not being in that county, will not operate as adequate to be a compliance with the provisions of Code § 103-205, or to relieve the plaintiff of the necessity of compliance therewith. Such a holding would be manifestly unfair to a surety. He is entitled under the law to have the creditor sue the principal debtor, if he can be found. See *McCarter* v. *Turner*, 49 *Ga.* 309, 312. Such was the purpose of the General Assembly in the enactment of the above Code section.

The evidence sustained the plea of the defendants, by way of the amendment held by this court in *Overstreet* v. *W. T. Rawleigh Co.*, supra, to have been proper, as to their being released from liability under the provisions of said Code § 103-205. No suit of any kind was ever served upon the principal debtor, Williams. The suit attempted to be served in Chatham County on Williams was not on the contract on which it is sought to

hold these defendants, but was on the 1931 contract between the plaintiff company and Williams and on which Cato and Forbes were the sureties. The first suit mentioned above does not show a previous proper suit against the principal debtor and thus relieve the plaintiff from having to file a suit within three months when served with the written notice as provided for in Code § 103-205, and the second suit was not on the obligation now involved. The fact that in such obligation the sureties therein also undertook to be liable for all past indebtedness of Williams, which would embrace his indebtedness under the 1930 contract, does not alter the rule. These defendants were not liable under the 1931 contract and were not parties to that instrument. Any liabilities between the sureties on that contract and the plaintiff company are not for determination.

It can not be said that because the sureties did not traverse the return of the deputy on the suit on this second contract, sought to be served on Williams in Chatham County, stating that Williams was not to be found by that officer in his "bailiwick," they became bound by this return and this made that suit a compliance with the request to sue made by these defendants to the plaintiff creditor, even if that suit which was on the second contract was otherwise sufficient for that purpose. These sureties were not parties to that suit. In this regard see *Parler* v. *Johnson*, 81 *Ga.* 254, 259 (7 S. E. 317). There is no law that one not a party to an action is required to traverse the entry of service or non-service of the officer therein or become precluded thereby.

There is nothing in the case of *Watkins* v. *Seawright*, 168 *Ga.* 750 (149 S. E. 45), and other decisions cited and relied on by the plaintiff which holds to the contrary of our views of this case. We have carefully considered all authorities cited in the briefs of the plaintiff and find nothing to the contrary of our ruling here.

This case and its relative, the *Forbes* case, have been long in the courts. For decisions made by the appellate courts in the *Forbes* case see *W. T. Rawleigh Company* v. *Forbes*, 76 *Ga. App.* 118 (44 S. E. 2d, 692) ; *W. T. Rawleigh Company* v. *Forbes*, 77 *Ga. App.* 620 (48 S. E. 2d, 925) ; *W. T. Rawleigh Company* v. *Forbes*, 202 *Ga.* 425 (43 S. E. 2d, 642).

The judgment complained of was not erroneous for any of the reasons assigned, and being supported by the evidence and correct under the law, was properly rendered by the judge, sitting as a judge and jury.

Since the trial court, passing upon the law and facts, without a jury, correctly found that the defendants in the instant case, Overstreet and Davis, were released as sureties, it becomes unnecessary to discuss the facts as to whether the indebtedness of Williams, as principal to the plaintiff's contracts, has or has not been paid.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*